## Nancy R. Todd *v.* Ella LaMar

Appellate Division of the Circuit Court

File No. CV 1-705-30751

Argued February 1—decided February 26, 1971

*Melvin J. Silverman,* of Norwalk, for the appellant (plaintiff).

*Paul S. Nakian,* of Stamford, for the appellee (defendant).

Jacobs, J. On May 13, 1970, the plaintiff, hereinafter referred to as the landlord, brought an action of summary process against the defendant, hereinafter referred to as the tenant, returnable to the Circuit Court on the fourth Tuesday of May, 1970. On October 13, 1970, after a trial on the merits, judgment was rendered for the tenant, and, on October 13, 1970, notice of the entry of judgment was

duly sent to counsel of record. On October 23, 1970, new appellate counsel filed an appearance for the landlord and moved for an extension of time in which to take an appeal to this court. The motion was granted. On October 26, 1970, the tenant moved to set aside the order on the ground that an appeal was not taken within five days from the date of the judgment as required by § 52-542 of the General Statutes. Upon a hearing on the motion, the court set aside its order granting the landlord's motion for an extension of time in which to take an appeal. The case now comes before us on a motion to review filed pursuant to Practice Book §§ 693, 694, made applicable to the Circuit Court by Practice Book § 1023.

The procedural question presented by the motion to review is: Did the landlord have a period of fourteen days within which to take an appeal (§ 51-265), or was the landlord limited to the five-day period as fixed by § 52-542? The landlord contends that the language of § 52-542 "reflects that it is applicable only to appeals which are taken by defendants [tenants]."

Ordinarily, an appeal from the judgment of the Circuit Court to this court must be taken within fourteen days from the entry of the judgment. General Statutes § 51-265. The course of procedure provided by our summary process statutes (§§ 52-532 through 52-549) clearly shows that their purpose is to secure a prompt hearing and final determination. See *Webb* v. *Ambler,* 125 Conn. 543, 546; *Marsh* v. *Burhans,* 79 Conn. 306, 308. The special provisions of § 52-542 "are not deemed permissive, giving the party desirous of review an option between alternative times, namely, an election between the time thus specially provided and the time prescribed by the general provisions, where they differ, but are ordinarily designed to secure a prompt hearing and a final determination in cases with which they deal,

and hence must be complied with." 4A C.J.S., Appeal and Error, § 431, p. 77. "As between two such special periods, either of which, if it stood alone, would be capable of applying to a particular situation, that which points the more directly and specifically to the case at hand is the one with which the party appealing must conform." Id., p. 82. We are mindful of the principle of statutory construction in construing our appeal statutes. We take into account the language and the context, the purpose to be attained, and the relative interests and rights of the parties. See 4 Am. Jur. 2d, Appeal and Error, § 7.

This case falls within the content and purview of the summary process statutes; accordingly, we hold that § 52-542 operates as a limitation on the general right of appeal statute and applies alike to all parties.[2]

The error imputed to the trial court in extending the time in which to take an appeal was set aside. The court was without authority to grant a late appeal. See *State* v. *Brown,* 157 Conn. 398, 403. The taking of an appeal within the prescribed time is mandatory and jurisdictional.[3]

---

[2] We have held that "[a]ppeals in summary proceedings are governed by statutes specifically relating thereto rather than statutes relating to appeals generally. . . . Under our right of appeal statute, § 52-542, the appeal from a judgment in a summary process action must be taken within five days from the date of the judgment, excluding Sundays and holidays." *Connecticut Betterment Corporation* v. *Ponton,* 5 Conn. Cir. Ct. 265, 267. Moreover, § 52-542 clearly provides that "[n]o appeal shall be taken except within said period . . . ."

[3] No claim has been made, and there is nothing in the record to suggest, that the landlord complied with Practice Book § 954, which provides: "The judge who presided at the trial may, for good cause shown, extend the time provided for filing the appeal . . . , provided a motion for extension of time is filed and served upon the adverse party *before the time for filing the appeal . . . has expired.*" (Italics supplied.)

We have reviewed the action of the court in setting aside the landlord's extension of time in which to take an appeal, and we find no error in the ruling of the court.

Our conclusion as expressed above disposes of the other assignments of error.

In this opinion DEARINGTON and KINMONTH, Js., concurred.