OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs.
After the death of a tenant in a city housing project subsidized by the Federal Government, petitioner claimed the right to retain the apartment as the last surviving family member of the deceased tenant. He stated that he had been the tenant’s common-law husband for many years, had signed the lease with her, and they both had resided in the apartment prior to her death. Respondent’s records, however, showed that the lease had been signed only by the tenant who had stated that she would be residing alone in the apartment. Petitioner’s claim was rejected after an informal hearing. Respondent also denied his subsequent request for a formal hearing because he had failed to make a "reasonable showing” that he had resided in the apartment with the knowledge or permission of the authority as is required by its rules.
Respondent subsequently commenced an eviction proceeding and petitioner brought this article 78 proceeding. Petitioner contends that under a Federal regulation (24 CFR 966.4 [m]) and the Due Process Clause, he had an absolute right to a hearing before the agency commenced eviction proceedings *974 against him. The courts below dismissed the proceeding and petitioner appeals.
The Federal regulation grants certain rights to tenants residing in facilities operated by a public housing agency receiving funds pursuant to the United States Housing Act of 1937 (42 USC § 1437 et seq.). Among these guarantees is the right to a hearing on individual disputes which "adversely affect the individual tenant’s rights, duties, welfare or status” (24 CFR 966.50, 966.51 [a]; 966.52, 966.53 [a]). A tenant is broadly defined to include the lessee and the lessee’s family (24 CFR 966.53 [f]), which in turn includes "the remaining member of a tenant family” (24 CFR 912.2).
These requirements are implemented by rules contained in respondent’s Management Manual. The Manual provides that a person who becomes a member of the tenant’s family with the knowledge and approval of the respondent, and who remains in occupancy when the tenant dies, is entitled to a lease for the premises if otherwise eligible for public housing (NYCHA Management Manual, ch VII, subd E [1] [a]). All other persons claiming the rights of a remaining family member are entitled to a grievance hearing if they make a "reasonable showing” that they are in the apartment with the knowledge or permission of the respondent and continue to pay "use and occupancy” after the tenant’s death (id., subd E [1] [b]). The Manual sets forth examples indicating that this requirement may be satisfied by "[inclusion of the claimant on the yearly Affidavit of Income; [e]ntries in the tenant folder that permission to reside in the household was requested, or that the tenant had informed [NYCHA] of a 'temporary’ housing arrangement; [and] [participation by the claimant in project activities, to the point where the community accepts the individual as a resident of the apartment” (id., subd E [1] [b] [1]). Petitioner has not offered any proof of this nature.
The obvious purpose for the procedure adopted by respondent is to screen out unfounded or untenable claims and thus ease the administrative burden and avoid additional delays for the many thousands of eligible individuals and families waiting for public housing to become available. This is consistent with the over-all purpose of the Federal law and nothing in the Federal regulation requires respondent to grant a formal hearing to every person who makes a bare assertion that he or she is the remaining family member of a deceased tenant but is unable to make a preliminary showing that the claim is reasonably based.
*975 Neither is there any merit to petitioner’s argument that he has been denied due process. Petitioner had the opportunity to present his side of the case at the informal hearing and will be able to do so again at the eviction proceeding which is still pending. Fundamental fairness does not require that he be afforded a third opportunity to be heard on the claim. In essence, respondent has adopted a form of administrative summary judgment which is not inconsistent with the requirements of due process or prohibited by the Federal regulation.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, without costs, in a memorandum.