[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO TERMINATE GAS SERVICE
This is a motion filed pursuant to Connecticut General Statutes § 16-262e wherein the plaintiff, the Southern Connecticut Gas Company, requests that the court terminate gas service at a multi family building located at 7 Clinton Avenue, Bridgeport, Connecticut. In support of the motion, the plaintiff argues that a receiver of rents was appointed pursuant to Connecticut General Statutes § 16-262f(a) on June 27, 1994. To date the receiver of rents has been unable to collect rents from any of the occupants of the multi family building. Plaintiff submitted information to the court in the form of affidavits from the defendants indicating that the defendant owners have abandoned the premises, that any occupants of the premises are not tenants and, therefore, occupy the premises without their permission. No further evidence was offered by the plaintiff in support of its motion.
A discussion of the statutory scheme regarding the obligations of CT Page 2547-K a utility company concerning a multi family building is necessary to decide this motion. The legislature created a statutory scheme concerning the termination of utility service for nonpayment. C.G.S.§ 16-262c indicates that cessation of utility service for nonpayment of utilities may not take place except under certain specific situations; for example, no cessation may occur from November first to April fifteenth and provisions for "hardship" are contained in the statutory scheme. The statutes further state that in the event the multi family building is serviced by one meter billed directly to the owner, agent, lessor or manager, the utility services may not be cutoff or terminated.C.G.S. § 16-262e(a).
By enacting C.G.S. § 16-262f the Connecticut legislature provided an alternative method for the utility companies in the multi family, one meter situation to obtain redress without terminating service. A petition for a receiver of rents was authorized. "The court or judge shall forthwith issue an order to show cause why a receiver should not be appointed. . . . A hearing shall be had on such order no later than seventy-two hours after its issuance or on the first court day thereafter." C.G.S. § 16-262f(a). The plaintiff utility company used this procedure and a receiver was appointed. The receiver was not able to collect any money pursuant to this order.
Common law in the State of Connecticut indicates that the application for a receiver is addressed to the sound legal discretion of the court. Chatfield Co. v. Coffey Laundries, Inc., 111 Conn. 497, 501
(1930); Hartford Federal Savings Loan Assn. v. Tucker, 196 Conn. 172,175, 491 A.2d 1084, cert. denied, 474 U.S. 920, 106 S.Ct. 250,88 L.Ed.2d 258 (1985). In the past, the appointment of a rent receiver was governed by wide-ranging equitable and discretionary principles. Upon passage by the Connecticut legislature of the receivership authorization for nonpayment of utilities, the legislature stated,
 "The sole purpose of such a hearing shall be to determine whether there is an amount due and owing between the owner, agent, lessor or manager and the company or municipal utility. The court shall make a determination of any amount due and owing and any amount so determined shall constitute a lien upon the real property of such owner." C.G.S. § 16-262f(a).
After the passage of the utility receivership statute, Superior Courts continued to exercise, in addition to the statutory two findings set forth above, its normal sound discretion with due regard to the CT Page 2547-L relevant statutes and rules. Receiverships were granted or denied using discretionary rules. Dwan v. Gardella, Superior Court, Judicial District of Fairfield at Bridgeport, No. 285558, October 23, 1991 (Thim, J.); O'Connor v. Rotzal, 6 CSCR 386, March 14, 1991 (Hodgson, J.).
The Supreme Court recently indicated that such discretionary authority is not authorized by C.G.S. § 16-262f. Connecticut Light Power Co. v. DaSilva, 231 Conn. 441, 446 (December 6, 1994).
 "Section 16-262f permits public service companies to petition for a statutory rent receivership under limited circumstances that are statutorily linked to the [General Statutes] 16-262e(a)[4]
prohibition on the termination of utility services. Under 16-262e(a), service may not be terminated: (1) to a residential dwelling; (2) despite nonpayment of a delinquent account; (3) for service billed directly to the residential building's lessor, owner, agent or manager; and (4) when it is impracticable for occupants of the building to receive service in their own name. Unable to terminate service to such a residential dwelling, public service companies are expressly instructed, by 16-262e(a), to `pursue the remedy provided in section 16-262f'. . . . The summary rent receivership proceedings authorized by 16-262f
constitute, as we have previously recognized, a statutory trade-off for the requirement of continued service imposed by 16-262e(a). Hartford Electric Light Co. v. Tucker, 183 Conn. 85, 94, 438 A.2d 828, cert. denied, 454 U.S. 837, 102 S.Ct. 143, 70 L.Ed.2d 118 (1981)." Southern Connecticut Gas Co. v. Housing Authority, 191 Conn. 514, 518-20, 468 A.2d 574 (1983). "The statutory proceedings authorized by 16-262f are sui generis. Connecticut Light Power Co. v. DaSilva, supra, 445-446.
"In light of the language, the acknowledged purpose and the sui generis nature of § 16-262f, the trial court was mistaken in its assumption that the appointment of a rent receiver for the protection of a utility is governed by the same wide-ranging equitable and discretionary principles that govern rent receiverships in ordinary mortgage foreclosure proceedings." Connecticut Light Power Co. v.DaSilva, supra, 446. CT Page 2547-M
The Supreme Court therefore held that the only two issues in the utility rent receivership statute shall be whether or not there is any amount due and owing between the owner, agent, lessor or manager and the company or municipal utility and, if so, the amount so determined. There is no discretionary authority granted to the Superior Court in determining the appointment of a rent receivership in a utility nonpayment situation in which the multi family building contains one meter registered in the name of the owner, agent, lessor or manager. In effect, the Supreme Court indicated that utility rent receiverships as well as the termination procedures shall be strictly construed. "Once the plaintiffs presented factual evidence to establish a default in utility payments with respect to residential property, they were entitled to the appointment of a rent receiver without having to demonstrate any further equitable right such as a threat of waste or loss." Connecticut Light Power Co. v. DaSilva, supra, 446.
Plaintiff's motion is filed pursuant to Connecticut General Statutes § 16-262e(a). The statute states:
 Notwithstanding the provisions of section 16-262d, wherever an owner, agent, lessor or manager of a residential dwelling is billed directly by an electric, gas, telephone or water public service company or by a municipal utility for utility service furnished to such building not occupied exclusively by such owner, agent, lessor or manager, and such company or municipal utility has actual or constructive knowledge that the occupants of such dwelling are not the persons to whom the company or municipal utility usually sends its bills, such company or municipal utility shall not terminate such service for nonpayment of a delinquent account owed to such company or municipal utility by such owner, agent, lessor or manager unless: (1) Such company or municipal utility makes a good faith effort to notify the occupants of such building of the proposed termination by the means most practicable under the circumstances and best designed to provide actual notice; and (2) such company or municipal utility provides an opportunity, where practicable, for such occupants to receive service in their own names without any liability for the amount due while service was billed directly to the lessor, CT Page 2547-N owner, agent or manager and without the necessity for a security deposit; provided, if it is not practicable for such occupants to be serviced in their own names, the company or municipal utility shall not terminate service to such residential dwelling but may pursue the remedy provided for in section 16-262f.
The plaintiff has the burden of proof to show that the meter was registered in the name of the owner, the premises was not occupied by the owner, and the occupants of the building are not persons to whom the company or municipal utility usually sends its bills. The file, pleadings and affidavits of record appear to satisfy these elements. The plaintiff must also demonstrate that the utility company has made both a good faith effort to notify the occupants of such building of the proposed termination and further that the utility company provide an opportunity, where practicable, for the occupants to receive service in their own names.
The plaintiff has failed to offer evidence that the utility company has made a good faith effort to notify the occupants of the building. The plaintiff has further offered no evidence that the utility company has provided an opportunity, where practicable, for such occupants to receive service in their own names.
Title 16 offers no definition of the words tenant, owner, lessor or occupant. C.G.S. § 47a-1 contains the definition sections to be applied to summary process actions. The legislature is presumed to have created a consistent body of law and all statutes are to be read together to read as a consistent body of law. C.G.S. § 47a-1(1) defines "tenant" as "the lessee, sublessee or person entitled under a rental agreement to occupy a dwelling unit or premises to the exclusion of others or as is otherwise defined by law." There is no definition in the landlord/tenant statutes of an "occupant." An occupant as well as a lessee, i.e., tenant, is entitled to receive a notice to quit prior to eviction. C.G.S. § 47a-23(a). In the event that the occupant is not known, there is a provision in the statutes for the notice to quit to be addressed to "John Doe" and "Jane Doe." C.G.S. 47a-23(b). There is also a provision, if the lessee or occupant of the premises is unknown, for the method of service of the notice to quit and summons in the summary process action. C.G.S. § 47a-23b. The reasons set forth in the notice to quit statute specifically contemplate summary process against a squatter and/or trespasser by indicating the following reasons for the notice to quit: "when such premises, or any part thereof, is occupied by one who never had the right or privilege to occupy such premises"; CT Page 2547-OC.G.S. § 47a-23(a)(2); or, "when one originally had the right or privilege to occupy such premises other than under a rental agreement or lease but such right or privilege has terminated", C.G.S. §47a-23(a)(3). Therefore, a trespasser or squatter is subject to the rights set forth under the landlord/tenant act including that of the service of a notice to quit and due process for eviction.
A squatter or trespasser is also given similar due process rights under the receivership structure established by the legislature under Title 16. For due process considerations and statutory compliance, the plaintiff has the obligation to prove the "occupant" was given a reasonable opportunity for notice and given a further reasonable opportunity to have the occupant put the utilities in his/her own name. The court recognizes it is highly unlikely that any trespasser or squatter in an abandoned building located in Bridgeport, Connecticut is going to opt for the utilities to be placed in their own name. The plaintiff, upon producing adequate evidence, will no doubt be able to sustain its statutory and due process burden of proof. The utilities can thereafter be terminated under a court order.
The plaintiff has failed to satisfy the requirements of Connecticut General Statutes § 16-262e. Under the proof offered, the Motion to Terminate Gas Service is denied without prejudice. The defendant may claim the motion and offer sufficient evidence to satisfy the statutory requirements.
BY THE COURT KEVIN TIERNEY, JUDGE