[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' SUMMARY PROCESS ACTION OF SUBSIDIZEDAPARTMENT COMPLEX AGAINST REMAINING FAMILY MEMBER RETAININGAPARTMENT AFTER TENANT'S DEATH
Plaintiff Winn Management Company (hereafter also referred to CT Page 6166-E as management) is the company authorized to manage the East Farm Village apartment complex located at 65 Messina Drive in East Haven, Connecticut. The apartment complex owned by East Farm Associates and consisting of 204 apartments for the elderly and handicapped, is subsidized under the Section 8 New Construction program, 42 U.S.C. § 1437f. Apartment A-758 of East Farm Village was the residence of Loretta Consiglio from sometime in 1982 until her death on March 20, 1996. Defendant Edward Szyjka is the son of the late Loretta Consiglio. He presently occupies apartment A-758. The plaintiff claims that Edward Szyjka's occupancy of the premises came to its attention only after Loretta Consiglio's death.
The defendant contends that he has always resided in apartment A-758 with his mother, except during two periods of incarceration. Edward Szyjka asserts that his personal items were always kept in apartment A-758, and he resided in the apartment openly, coming and going regularly, with the belief that he resided at the apartment legitimately and with the permission of the Landlord. The defendant also contends that he believed his mother had informed the management that he was living with her in the apartment. Edward Szyjka admits, however, that he was never listed on his mother's written lease or on the HUD Annual Recertification Form 50059.
The plaintiff brings this summary process action against Edward Szyjka by a complaint, as amended, in which it is alleged that he never had a right or privilege to occupy the premises. In his Answer defendant Edward Szyjka denies that he never had a CT Page 6167 right or privilege to occupy the premises. In his First Special Defense defendant Edward Szyjka asserts, inter alia, that upon the death of his mother, he became the "remaining member of a tenant family," as provided in 42 U.S.C. § 1437a (b)(3), 24 C.F.R. § 812.2, and HUD Handbook 4350.3, and thus was empowered with a right or privilege of occupancy. In his Second and Third Special Defenses he claims that since the plaintiff was aware of his occupancy prior to his mother's death, and, respectively, never complained before about his occupancy, the plaintiff is now estopped from evicting him. In his final and Fourth Special Defense, the defendant claims that for the foregoing reasons, and because eviction would render him without subsidized housing and homeless, it would be inequitable to evict him from the premises. The plaintiff denies the substance of these special defenses, and as to the defendant's claim for equitable relief, the plaintiff contends that the defendant's failure to inform management of his occupancy and his issuance of a rent check in his mother's name after her demise demonstrate a lack of clean hands — an important vessel of equity.
The basis of the decision of the plaintiff to attempt to gain possession of apartment A-758 was predicated upon its determination that Edward Szyjka did not reside at apartment A-758 prior to the death of Loretta Consiglio, and if he did reside there, it had no such information. The decision was based also upon its determination that Loretta Consiglio did not obtain prior approval of Edward Szyjka's occupancy in her apartment, and did not add his name on the lease or on the HUD Annual Recertification Form 50059.
There is considerable controversy between the plaintiff and Edward Szyjka surrounding the former's contention that he never had the right or privilege to occupy apartment A-758. The plaintiff argues that inasmuch as paragraph 12 of Loretta Consiglio's lease limited occupancy to anyone listed on the Certification and Recertification Form and Edward Szyjka's name is not included on that form, he is not entitled to occupancy. The plaintiff argues further that the provision of HUD Handbook paragraph 4350.3 invalidates his occupancy.[1] HUD Handbook paragraph 4350.3 Appendix 19a. addresses occupancy requirements.[2]
The primary legal issue in this matter is whether the defendant, who resided in the apartment of his mother at her death, has a right or privilege to continue to occupy the CT Page 6168 apartment in the capacity of "a remaining family member," as that term is defined in Title 42 U.S.C. § 1437a (b)(3), even if his name is not listed on the lease nor on the recertification documents, and even if his presence were not known to the management of the complex. Title 42 U.S.C. § 1347a (b)(3) defines the term `families' as follows: "[t]he term family includes families consisting of a single person in the case of . . . the remaining member of a tenant family."
The facts articulated hereinafter were adduced at the trial. Loretta Consiglio had been a tenant in apartment A-758 at East Farm Village since sometime in 1981. In May of 1995 Edward Szyjka, returned to Connecticut from incarceration in Florida, and moved into his mother's apartment where he has continued to reside. Edward Szyjka did not inform management that he was living with his mother, although from time to time he had some interaction with maintenance personnel employed by management. In October of 1995 Loretta Consiglio completed her recertification documents in accordance with her lease and HUD requirements. Loretta Consiglio was the only name that appeared on the recertification documents and on the HUD Annual Recertification Form 50059, submitted to management. Loretta Consiglio died in March of 1996 and Edward Szyjka did not move from the apartment. After his mother's death Edward Szyjka signed her name as the issuer of the rent check for the month of April 1996. Between his return in May of 1995 until the death of his mother, Edward Szyjka never interacted with management personnel at the East Farm Village apartment complex.
The court finds that Edward Szyjka did reside in apartment A-758 with his mother prior to her demise. However, the court further finds that management was not aware of the defendant's occupancy prior to his mother's death.
The parties have submitted several cases for the court to consider in reaching a decision on the principal issue presented. The plaintiff cites the case of In the Matter of Lonza Hendersonv. Popolizio, 76 N.Y.2d 972 (1990) as standing for the proposition that the courts have upheld rules which require persons to notify Housing Authorities that they are in possession. In this case a petitioner professing to be the common law husband of the deceased tenant brought an action in state court seeking to compel the city Housing Authority to grant what he claimed was his right to a grievance hearing on his assertion that he had a right as the last surviving family member to retain CT Page 6169 the apartment. The petitioner's claim that he was the "remaining family member" was rejected after an earlier informal hearing granted to him by the Housing Authority. The Housing Authority denied a subsequent request for a formal hearing because he failed to make a reasonable showing that he had resided in the apartment with the knowledge or permission of the authority as required by its rules. In his court action the petitioner alleged that any attempt to evict him in state court without first according to him the formal grievance hearing constituted a denial of his right to a hearing under the Due Process Clause.
In affirming the ruling of the trial court, the Court of Appeals held that neither federal regulation nor the Due Process Clause was violated by the denial of the grievance hearing by the city Housing Authority. The Court of Appeals noted that the Housing Authority had granted the petitioner an informal hearing on his "remaining family member" issue. The Court of Appeals found that respondent's Management Manual implemented the federal regulation pertaining to the right of occupancy of the "remaining member of a tenant family," and that the petitioner had failed to meet the requirement in the Manual that he make a "reasonable showing" that he was in the apartment with the knowledge or permission of the respondent and that he continued to pay use and occupancy after the tenant's death. Id. at 974. The Court of Appeals also acknowledged that the petitioner could raise the issue of his claimed "remaining family member" status in the pending eviction case.
The case of Housing Authority of the City of New Britain v.Doris Jones (No. SPN-8806-11343; J.D. of Hartford-New Britain; 1989) involves a resident family member who repeatedly contacted the Housing Authority while the tenant was alive, in order to be added to the lease, thereby notifying the Housing Authority of her presence in the tenant's apartment. The Court found that resident family member Doris Jones had established her right as "a remaining head of the tenant family" to invoke the grievance procedures of the public housing authority. In the case of EdgarMelton, v. The New York City Housing Authority, (No. 79 C 1015; July 20, 1979) the United States District Court for the Eastern District of New York enjoined the housing authority from evicting the bona fide claimants of "remaining family member" status without first according to them an opportunity to submit such claims to the standard HUD mandated grievance procedure available to persons making claim as to tenant "status." CT Page 6170
In Morrisania II Associates v. Harvey, 527 N.Y.S.2d 954
(1988), the landlord brought an eviction action against Georgette Harvey, claiming that she was not entitled to occupy the apartment previously leased under section 8 of the housing program to her now deceased mother. The defendant claimed that since she had resided in her mother's apartment for years prior to her mother's death she was entitled to remain in the apartment as a "remaining family member" of the tenant under federal law. Defendant Georgette Harvey filed a motion for summary judgment on this ground. The court found that the mother had listed herself and had not listed her daughter on the lease. The court ruled that
 [g]iven the contradictory evidence considered on this motion, the factual questions surrounding respondent's status must be resolved at trial. If the preponderance of the evidence favors respondent's claim of continuous, bona fide residence, she would then be entitled to judgment as a matter of law dismissing this proceeding.
 Id. at 663.
From a consideration of the foregoing authorities, this court finds that although the lease and HUD Handbook provision cited by the plaintiff obligated the deceased tenant to inform management and/or obtain its approval of occupancy of the apartment by someone else, it is not aware of any federal or state law requirement that the tenant's failure to provide such notice or to obtain such approval disentitles the family member left from asserting his or her claim under federal law to being the "remaining family member," as this term is used in Title42 U.S.C. § 1437a (b)(3). Absent any such limitation, this Court is reluctant to deny that status to defendant Edward Szyjka, inasmuch as this court finds that he was the remaining family member of the residence at his mother's passing.
Accordingly, judgment hereby enters for the defendant.[3]
Clarance J. Jones, Judge