[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a summary process action in which the plaintiff Mona Long, seeks possession of premises located at 220 Minnechaug Drive, Glastonbury, Connecticut ["the Property"]. In the first count of her complaint, Long alleged the defendants, Heather and Daniel Fredericks, never had the right or privilege to occupy the Property and, in the second count, that their right or privilege to occupy the Property has terminated.
Heather Fredericks appeared pro se, denied that she never had the right or privilege to occupy the premises or that her right or privilege had terminated. She also filed the following special defense: "I am 1/3 owner according to the will and I am intending to purchase the property and I have put a deposit to purchase this house from my sister Mona Long but she doesn't want to wait."
Mona Long and Heather Fredericks are sisters. Their father, Raymond L. Hayles, was the owner of the Property when he died on CT Page 942 October 10, 1998. At that time, Heather Fredericks was living in the Property and had been living there for about four years. Raymond L. Hayles died intestate. The heirs to his property are his three children, Heather Fredericks, Thomas Hayles and Mona Long. They share equally in the estate.
On December 4, 1998, Plaintiff Mona Long was appointed Administratrix of the Estate of Raymond L. Hayles by the Probate Court of the District of Glastonbury. On August 11, 1999, the Probate Court authorized Mona Long, as administratrix, to "commence Summary Process Proceeding in the matter of 220 Minnechaug Drive, Glastonbury, Connecticut."
On August 19, 1999, Plaintiff Mona Long caused to be served upon Heather Fredericks, Notice to Quit the Property on or before September 1, 1999. Heather Fredericks has remained in possession of the Property.
Summary process is a statutory remedy that enables an owner or landlord to recover possession from a tenant or occupant. General Statutes § 47a-23 allows an owner or lessor to issue a notice to quit only under certain conditions: (a) when the lease terminates by its own terms; (b) when the occupant has never had the right to occupy the premises; (c) when the occupant originally had the right to occupy the premises but that right has terminated; or (d) when authorized by other statutes. General Statutes § 47a-23
(a).
The plaintiff herein has not alleged a lessor-tenant relationship with Heather Fredericks. The statutory language pertinent to this action provides as follows:
 When the owner . . ., legal representative, or his attorney-at-law, or in-fact, desires to obtain possession or occupancy of any land or building, any apartment in any building, any dwelling unit, . . . (2) when such premises, or any part thereof, is occupied by one who never had a right or privilege to occupy such premises; or (3) when one originally had the right or privilege to occupy such premises but such right or privilege has terminated;. . . . such owner or lessor, or his legal representative, or his attorney-at-law, or in-fact, shall give notice to each occupant to quit possession or occupancy of such land, building, apartment or dwelling unit, at least three days . . . before the time specified in the notice for the lessee or occupant to quit possession or CT Page 943 occupancy.
General Statutes § 47-1 provides that for purposes of, inter alia, Section 47a-23: "[o]wner" means one or more persons, jointly or severally, in whom is vested (1) all or part of the legal title to property or (2) all or part of the beneficial ownership and a right to present use and enjoyment of the premises and includes a mortgagee in possession.
With respect to the first part of this definition, the rule is that "[u]pon the death of the owner of real estate, neither the executor nor the administrator holds title. Ryder v. Lyons,85 Conn. 245, 252 (1912). Title immediately descends to the heirs or devisees of real estate, subject to the right of administration.O'Connor v. Chiascione, 130 Conn. 304 (1943)." Goodman v. Bank ofBoston Connecticut, 27 Conn. App. 333, 341 (1992). Upon the death of their father, legal title to the property vested in Mona Long and Heather Fredericks and their brother. They are all "owners" as defined in General Statutes § 47a-1.
It has been said that "the ultimate issue in the summary process case is, who has the greater claim to title in the property subject to equitable considerations? Fellows v. Martin,217 Conn. 57 (1991). Zitomer v. Palmer, 38 Conn. Sup. 341, 344,346 (1982). C.G.S. § 47a-27, C.G.S. § 47a-26d". One Sylvan Rd.North v. Lark Int'l. Ltd, No. SPNO 9404-15626 (1995) (Tierney, J.).
The plaintiff has not shown that she has greater claim to title in the Property than the defendant. Mona Long and Heather Fredericks are equal owners and have equal claim to title in the Property. Heather Fredericks by virtue of her ownership in the Property has the right and privilege to occupy it. The plaintiff has not shown any reason why that is not so or why that right or privilege has terminated.
With respect to the second part of the statutory definition of "owner", dealing with beneficial ownership, "it has long been said that the term, in property law, means "such a right to its enjoyment as exists where the legal title is in one person and the right to such beneficial use or interest is in another, and where such right is recognized bylaw, and can be enforced by the courts, at the suit of such owner or of someone in his behalf'Montana Catholic Missions v. Missoula County, 200 U.S. 118,127-128, 26 S.Ct. 197, 50 L.Ed. 398 (1906); accord, ChristiansenCT Page 944v. Department of Social Security, 15 Wash.2d 465, 131 P.2d 189,191 (1942)." Bender, Executrix v. Nuzzo, No. SPNH-9607-47892 (Jul. 10, 1997) (Levin, J.).
Mona Long initiated this case in her individual capacity; she did not allege a beneficial ownership or interest. Notice to Quit was signed "Landlord, Mona Long," by her attorney. The Named Plaintiff on the Summons is Mona Long, and the Complaint is signed "Plaintiff, Mona Long," by her attorney. There are no allegations in the Complaint identifying the plaintiff as administratrix or claiming a beneficial interest in the property. In any event, we look to the Notice to Quit to identify the party initiating the summary process action . . . General Statutes §47a-23a. The plaintiff cannot claim, in the face of Notice to Quit served on the defendant, that she has brought this action in any capacity other than as Mona Long, individually. To claim otherwise would only lead to a dismissal of this case because of a defect in the notice. Proper notice is a mandatory condition precedent to a summary process action, and its absence is a subject matter jurisdictional flaw. See, Lampasona v. Jacobs,209 Conn., 724, 553 A.2d 175 (1989), cert. denied, 492 U.S. 919,109 S.Ct. 3244, 106 L.Ed. 590 (1989).
For the reason that this summary process action is simply between two owners with equal claim to title in the Property, judgment is rendered in favor of the defendant.
Because of the likelihood that a summary process action will be brought by Mona Long in her capacity as administratrix, the court notes that with respect to the second part of the statutory definition of "owner" dealing with beneficial ownership, "[t]he only interest that an administrator has in real property is the power to protect the rights of creditors of the estate." TaxCollector v. Miley, 34 Conn. App. 634, 639 (1994). See, Bender,Executrix v. Nuzzo, supra.
Tanzer, J.