[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a summary process action in which the plaintiff, Michael Koba, seeks possession of the property located at 260 Middlefield Street, Middletown, Connecticut for the reason that the defendant, Helen Kokoski, never had the right or privilege to occupy the premises. A trial was held on July 26, 2001, at which both parties were represented by counsel.
Facts
Michael Koba was married to the daughter of Helen Kokoski, Mary Ann Koko ski, until Mary Ann's death in March of 2000. They owned the residence at 260 Middlefield Street jointly until 1978, at which time Michael quitclaimed his interest in the property to Mary Ann. Approximately two years later, Mary Ann's father died. Subsequently, her mother, Helen, sold her own house and with a portion of the proceeds built an addition to the home of Mary Ann and Michael, for which she expended over $31,000.00.
Helen moved into the addition, where she has resided for over twenty years. During that time she has not paid rent or utilities, however, she did assist with housecleaning and childcare, and cared for the pets. There was never a written document memorializing an agreement between Helen and Mary Ann and/or Michael concerning Helen's residing at 260 Middlefield Street. According to Helen, she understood that she could live in the addition until her death; she sold her house and built the addition relying on this belief. Michael testified that he never agreed that the defendant could reside in his home indefinitely, although acknowledged that his wife could have made such an agreement.
After his wife's death, Michael explained to Helen that he needed his privacy and requested that she relocate. The defendant refused. On May 25, 2001, the plaintiff then served a notice to quit on the defendant CT Page 11781 citing the reason that the defendant never had a right or privilege to occupy the premises in accordance with C.G.S. § 47a-23 (a)(2). A complaint with a return date of June 13, 2001 was filed, again asserting that the defendant never had a right or privilege to live at the premises and that the plaintiff "temporarily allowed the plaintiff to reside in his home out of the goodness of his heart."
In her answer, the defendant denied that she never had a right or privilege and pled numerous special defenses based in law and equity. In closing arguments the defendant questioned whether the court had subject matter jurisdiction because the plaintiff brought this action in his own name, rather than as executor of his wife's estate. Because the estate is still open, defense counsel argued that the plaintiff was not yet the owner; therefore, a proper notice to quit was not served.[1]
Discussion
 I 
To commence this summary process action the plaintiff served a notice to quit on the defendant May 25, 2001. General Statutes on 47a-23 allows an owner or landlord to issue a notice to quit under certain circumstances: (a) when the lease terminates by its own terms; (b) when the occupant has never had the right or privilege to occupy the premises; (c) when the individual had the right or privilege to occupy, but the right or privilege has terminated; or (d) when authorized by other statutes. See: Long v. Fredericks, 2000 Ct. Sup. 941, Housing Session Judicial District of Hartford (January 20, 2000) Tanzer, J. A proper notice to quit is a condition precedent to a summary judgment action, and a jurisdictional necessity. See: Lampasona v. Jacobs,209 Conn. 724, 728, 553 A.2d 175 (1989).
Subject matter jurisdiction cannot be waived by the court.[2]
Connecticut Rules of Practice § 10-33. It is necessary, therefore, to determine whether the plaintiff was the owner of the property at the time the notice to quit was served. Upon the death of Mary Ann Kokoski Koba, title to her property descended to her heirs or devisees, subject to the right of administration. Goodman v. Bank of Boston Connecticut,27 Conn. App. 333, 341 (1992). Under the terms of Mary Ann's will, the property at 260 Middlefield Street was bequeathed to Michael Koba, therefore legal title vested in him at the time of her death. See: Longv. Fredericks, 2000 Ct. Sup. 941, Housing Session Judicial District of Hartford (January 20, 2000) Tanzer, J. This court finds that Michael Koba was the legal "owner" at the time the notice to quit was served and that the notice was proper. Accordingly, the court has subject matter jurisdiction and can address this claim on its merits. CT Page 11782
 II
The plaintiff's summary process action is based on the sole allegation that the defendant "never had the right or privilege to occupy the premises." C.G.S. § 47a-23 (a)(2). There are few Connecticut cases which address the provisions of C.G.S. § 47a-23 (a)(2) as the exclusive basis of a summary process action. In Winn Management Companyv. Szyjka, 1996 Ct. Sup. 6166-D, 18 CLR 324 (October 30, 1996) Jones, J., the plaintiff brought a summary process action on the basis that the defendant never had a right or privilege to reside on the premises. The defendant was the son of the tenant who died during the tenancy. The defendant remained in possession, and signed his mother's name to the rent check following her demise. The plaintiff asserted that the defendant lived in the residence without its knowledge or approval; therefore, never had a right to occupy. This provision has also been construed to apply where the owner/landlord seeks eviction of trespassers or squatters. Southern Connecticut Gas Co. v. Higgins,1995 Ct. Sup. 2547-J, no. CVBR-9406-02400, Judicial District of Fairfield at Bridgeport Housing Session (March 27, 1995) Tierney, J.
The facts of this case demonstrate that the defendant did have a right or privilege to occupy the premises at 260 Middlefield Street. Mrs. Kokoski testified that it was her daughter's "idea" that she move into her daughter's home. In response, the defendant paid to have an addition built onto her daughter's house for the purpose of residing there, which she has done for over twenty years The court cannot fathom that this was done without the knowledge, permission and agreement of the plaintiff and his wife. Mrs. Kokoski was certainly not a squatter or trespasser.
At the very least, Helen Kokoski had the privilege of residing in the plaintiff's home. "Privilege" as defined by Merriam-Webster's Collegiate Dictionary, 10th ed. is defined, inter alia as "a right or immunity granted as a peculiar benefit, advantage or favor." The plaintiff's complaint alleges that he temporarily allowed the defendant to reside in his home out of the goodness of his heart. In so stating, Mr. Koba concedes that he bestowed a favor on Helen Kokoski by allowing her to live in his home. Thus, he gave her the privilege of residing at 260 Middlefield Street.
The plaintiff has not met his burden of proving an essential element of his complaint: that the plaintiff never had a right or privilege of occupying the premises. While it could be argued that Helen Kokoski's right or privilege to occupy the premises was now terminated by the plaintiff's change of heart, that allegation was not pled. "Summary process statutes `secure a prompt hearing and final determination.' CT Page 11783 Therefore, the statutes relating to summary process must be narrowly construed and strictly followed." Young v. Young, 249 Conn. 482, 488,733 A.2d 835 (1999) citing: Todd v. LaMar, 6 Conn. Cir. Ct. 528, 529, 277 A.2d 724 (1971) and HUD/Barbour-Waverly v. Wilson, 235 Conn. 650,658, 668 A.2d 1309 (1995).
For the reasons articulated above, the court enters judgment for the defendant.[3]
CAROL A. WOLVEN JUDGE OF THE SUPERIOR COURT