CONNECTICUT BETTERMENT CORPORATION *v.* WILFRED
PONTON ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 14-681-33373

Argued April 15—decided May 3, 1968

*Zbigniew S. Rozbicki,* of Hartford, for the appellants (defendants).

*George A. Silvester,* of Hartford, for the appellee (plaintiff).

JACOBS, J. This is a summary process action in which the plaintiff claimed possession of the premises described in the complaint as 520 Prospect Avenue (first floor), Hartford, Connecticut, because of nonpayment of the rent for the months of December, 1967, and January, 1968. General Statutes § 52-532. The defendants filed an answer in which they admitted certain paragraphs of the complaint and denied others; and, by way of counterclaim, they alleged that "the plaintiff was, and still is, indebted

to the defendants in the sum of $950" and sought judgment "for such balance as may be found to be due them from the plaintiff."[1]   On February 27, 1968, after a trial on the merits, the trial court rendered judgment for the plaintiff to "recover possession of said premises described in said complaint."   On March 4, 1968, the defendants filed a motion for extension of. time to file an appeal and it was denied the same day.   Thereafter, on March 5, 1968, the defendants filed a "motion for extension of time in which to file completed appeal," which the court summarily denied.   On March 5, 1968, the defendants appealed from the judgment.   On March 8, 1968, the plaintiff filed in this court a motion to dismiss the appeal, based upon two grounds:   (1) The appeal had not been taken within five days from the date of the judgment; (2) the defendants failed to give a sufficient bond with surety to the adverse party to answer for all rents which may accrue.

"Jurisdiction over summary process actions is given to the Circuit Court by §§ 52-2a and 52-532 of the General Statutes.   Section 52-2a does not purport to give this jurisdiction to the Circuit Court exclusively, but that is implicit in § 52-532 and in the other statutes [§§ 52-534, 52-536, 52-545] concerning summary process."   Rubinow, "Circuit Court Civil

---

[1] We fail to see how the defendants could obtain a money judgment upon their counterclaim in this summary process action.   In *Webb* v. *Ambler*, 125 Conn. 543, 551, our Supreme Court said:   "In view of the restricted nature of the issues open in a summary process action the counterclaim for money damages for partial eviction had no place in the case."   We do not mean to suggest, however, that where a complaint does set up a forfeiture of the lease for nonpayment of the rent as a basis of recovery, it may not be germane to the issues to show, if indeed the facts were so, that no rent was due and owing.   And had the plaintiff brought an independent action for the recovery of the rent due under the lease, the defendants might, under appropriate pleadings, recoup such damages as they could show they had sustained owing to the plaintiff's breach.   See *Barnum* v. *Keeler*, 33 Conn. 209, 210.

Jurisdiction and Procedure" § 188e, in Stephenson, Conn. Civ. Proc. (Sup. 1966). "With the establishment of the circuit court in 1959, the statute providing for the review of judgments of summary process by writ of error was repealed. Gen. Stat., 1959 Sup., § 52-274. Jurisdiction of summary process is now vested in the circuit court; Gen. Stat., 1959 Sup., § 52-2a; it is reviewable as is any other of its judgments." Maltbie, Conn. App. Proc. § 241 (Sup. 1961). Appeals in summary proceedings are governed by statutes specifically relating thereto rather than statutes relating to appeals generally. "In order that a party may avail himself of a statutory right of review . . . [the appeal] must be perfected, within the time limited by statute . . . ." 52A C.J.S. 201, Landlord and Tenant, § 784a. Under our right of appeal statute, § 52-542, the appeal from a judgment in a summary process action must be taken within five days from the date of the judgment, excluding Sundays and holidays. *B. L. & F. E. Newton Co.* v. *Kardys,* 22 Conn. Sup. 470, 471, 1 Conn. Cir. Ct. 97, 98; Rubinow, op. cit. § 194. "The word 'within' [as used in the statute] is of controlling importance. It means 'not longer in time than'; . . . ; 'not later than.' . . . The word 'within' is almost universally used as a word of limitation, unless there are other controlling words in the context showing that a different meaning was intended." *Lamberti* v. *Stamford,* 131 Conn. 396, 398; see 86 C.J.S., Time, § 13(7); 2 Merrill, Notice § 722, n.87; 41A Words & Phrases (Perm. Ed.) 336.

Turning now to the instant case, in measuring time in which the appeal must be taken, we exclude from the count the day that judgment was rendered (February 27); see *Rivera* v. *Hankard,* 2 Conn. Cir. Ct. 324, 325; and we are also required by statute to exclude from the computation March 3 (Sunday); thus March 4, 1968, must be fixed as the final day

upon which the appeal could be taken.[2]   These requirements are deemed to be controlling and jurisdictional, and an appeal perfected after the five-day limitation must be dismissed.   The appeal in this case was not timely taken.

Our ruling sustaining the first ground of the motion to dismiss the appeal makes it unnecessary for us to consider the second ground.

The motion to dismiss the defendants' appeal must be, and the same is hereby, granted.

In this opinion KOSICKI and WISE, Js., concurred.

---

[2] It is to be noted that February 29, 1968 (this being leap year) must be counted as one day since the appeal period is measured in days.  See *Sanguinetti* v. *Sanguinetti,* 9 Cal. 2d 95, 98.  " 'Each of the 28th and 29th days of February, in the leap-year, is a day of twenty-four hours' duration; and, where these two days occur in any period of days less than one year, we are clearly of the opinion, that, under the law of this State, they ought to be and must be regarded and computed as two days, and not as one day, for any purpose.' " *Walker* v. *Hazen,* 90 F.2d 502, 503; see 86 C.J.S., Time, § 15.