This is a summary process in which the plaintiff claimed possession of the premises described in the complaint as 342 Knollwood Circle, Waterbury, Connecticut, because of nonpayment of rent. General Statutes § 52-532. The plaintiff's motion for judgment notwithstanding disclosure of defense was granted, and the court rendered judgment for the plaintiff for immediate possession of the premises on July 31, 1972. On the same day the defendant filed a motion to open the judgment and a motion to stay execution, which motions were denied on August 7, 1972. Thereafter, on August 9, 1972, the defendant appealed from the judgment of July 31. On November 6, 1972, the plaintiff filed in this court a motion to dismiss the defendant's appeal based on three grounds: (1) The appeal had not been taken within five days from the date of judgment; (2) the defendant failed to give a sufficient bond with surety to the adverse party as required by General Statutes § 52-542; and (3) the defendant waived its right to appeal by entering into a voluntary stipulation on August 8, 1972, for a stay of execution.
As to the first ground, the defendant concedes that she did not appeal within five days of judgment, as required by General Statutes § 52-542. This fact alone would justify the granting of the plaintiff's motion to dismiss the appeal. B. L. F. E. NewtonCo. v. Kardys, 22 Conn. Sup. 470, 1 Conn. Cir. Ct. 97. "It is a general rule that statutes providing for possessory and summary remedies of a landlord against a tenant are in derogation of the common law and *Page 582 
therefore to be strictly construed, and lack of strict pursuance of procedure prescribed by the statute vitiates the jurisdiction of the court in such an action or proceeding." 50 Am. Jur.2d 111, Landlord and Tenant, § 1227; Vogel v. Bacus, 133 Conn. 95; Lorch
v. Page, 97 Conn. 66.
The defendant argues that by filing a motion to open the judgment within the five days' time prescribed for filing an appeal, she is entitled to an additional five days from the rendering of a decision on that motion within which to appeal. The defendant points to § 778C of the Practice Book, which provides that a party appealing shall, within two weeks from the issuance of notice of the rendition of the judgment, file an appeal. That rule is qualified by the provision that, if a motion to open a judgment is filed within two weeks after the rendition of a judgment, the appeal may be filed within two weeks from the issuance of notice of the decision on such a motion. The defendant admits that this section of the Practice Book does not apply to summary proceedings but argues that, in the absence of an analogous provision for motions to open under the summary process statute, the court should rule that a party who files such a motion within five days of judgment should have five more days after the court's ruling on the motion within which to appeal the original judgment. Such judicial legislation would contravene the rule that appeals in summary proceedings are governed by statutes specifically relating thereto rather than by statutes relating to appeals generally. Connecticut Betterment Corporation
v. Ponton, 5 Conn. Cir. Ct. 265, 267. Section 52-542 clearly provides that "[n]o appeal shall be taken except within said [five-day] period." "The course of procedure provided by our summary process statutes (§§ 52-532 through 52-549) clearly shows that their purpose is to secure a prompt hearing *Page 583 
and final determination." Todd v. LaMar,
6 Conn. Cir. Ct. 528, 529. Here, the plaintiff would have no notice of the defendant's intention to appeal until after the five-day period.
The requirement for taking an appeal within the statutory period is controlling, and an appeal perfected after that time, if seasonably objected to, must be dismissed.
It has been argued that to hold that an appeal in a summary process action must be filed within five days of judgment as required by § 52-542 of the General Statutes forces a party to take inconsistent action when a motion to open the judgment has been filed by one of the parties. This contention is rejected. If the motion to open is denied, the appellant has preserved his right to appeal. If the motion is granted, the appellee may move to have the appeal erased from the docket.
"When an appeal is filed the case is removed for most purposes to the ... [appellate court]. That does not mean, however, that the trial court cannot thereafter take action in regard to it. The case still remains on its docket.... [T]he trial court may reopen the judgment." Maltbie, Conn. App. Proc. § 269. The exercise of the right of a trial court to open a judgment during the term at which it is rendered is not affected by beginning or not beginning an appeal. Thompson v. Towle, 98 Conn. 738.
In Clover Farms, Inc. v. Kielwasser, 134 Conn. 622, the Court of Common Pleas had rendered summary judgment for the plaintiff. The defendant filed an appeal within the time allowed. Thereafter, on the plaintiff's motion, the trial court opened the judgment. The plaintiff's motion to erase the appeal was then granted since there existed no final judgment from which an appeal would lie. The Supreme *Page 584 
Court found that the trial court had authority to open the judgment when it did, and the fact that an appeal had been filed did not prevent such action.
Because of the nature of summary process proceedings the appellant may not, as he can in other actions, wait for a decision on the motion to open the judgment before he files an appeal.
Our ruling sustaining the first ground of the motion to dismiss the appeal makes it unnecessary for us to consider the second and third grounds.
 The motion to dismiss the defendant's appeal is hereby granted.
In this opinion SPONZO and CIANO, Js., concurred.