THE HENRY KNOX SHERRILL CORPORATION *v.*
EDWARD RANDALL

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 197

Argued November 18, 1975—decided March 5, 1976

*Denise R. Johnson,* for the appellee (defendant).

*Ronald J. Fracasse,* for the appellant (plaintiff).

PER CURIAM. On October 8, 1975, the trial court sustained the defendant's plea in abatement. On October 17, 1975, the plaintiff appealed from the judgment entered on October 8, 1975, upon the sustaining of the plea in abatement. On October 24, 1975, the defendant filed a motion to dismiss the plaintiff's appeal on the ground that the plaintiff's appeal was not taken within five days as required by § 52-542 of the General Statutes.

The sole issue presented is whether the plaintiff (landlord) was required to appeal within five days after judgment as specified in § 52-542 or within fourteen days after entry of judgment as provided in § 52-6a of the General Statutes, which is the general appeal statute for the Court of Common Pleas. That issue was previously raised in the case of *Todd* v. *LaMar,* 6 Conn. Cir. Ct. 528, where it was held that § 52-542 operated as a limitation on § 52-6a and applies alike to all parties. "The course of procedure provided by our summary process statutes (§§ 52-532 through 52-549) clearly shows that their purpose is to secure a prompt hearing and final determination." Id., 529. While the plaintiff contends that § 52-542 is restricted to appeals taken

by a defendant (tenant), the statute contains no such limitation but applies to all appeals relating to summary process. "As between two such special periods, either of which, if it stood alone, would be capable of applying to a particular situation, that which points the more directly and specifically to the case at hand is the one with which the party appealing must conform." 4A C.J.S. 82, Appeal and Error, § 431. If both sections 52-6a and 52-542 can be reconciled by a fair interpretation and the court finds a reasonable field of operation for both statutes without destroying or perverting their evident meaning and intent, it is the duty of the court to do so. *Waterbury Teachers Assn.* v. *Furlong,* 162 Conn. 390, 404; *Shanley* v. *Jankura,* 144 Conn. 694, 702.

The motion to dismiss the plaintiff's appeal is granted.

SPEZIALE, D. SHEA and SPONZO, Js., participated in this decision.