PAUL MACCIO ET AL. *v.* WILLIAM HUNDLEY

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 980

Argued April 21—decided June 6, 1980

*Dominic J. Caciopoli,* for the appellant (defendant).

*Charles Angelo,* for the appellees (plaintiffs).

PER CURIAM. On February 28, 1980, judgment for possession was rendered for the plaintiff landlords. The next day the defendant filed a motion to open the judgment which was denied by the court (*McKeever, J.*) on March 17, 1980. On March 24, 1980, the defendant purported to appeal from both the judgment of possession and the denial of the motion to open;[1] the plaintiff has filed a motion to dismiss the appeal.

General Statutes § 47a-35, as amended by Public Acts 1979, No. 79-571 § 60[2] provides that appeals in summary process cases must be taken within five days from the date of judgment. The defendant relies on the filing of his motion to open the judgment to suspend the running of this period. See Practice Book, 1978, § 3007; *DeLucia* v. *Home Owners' Loan Corporation,* 130 Conn. 467, 470, 35 A.2d 868 (1944). The taking of appeals from summary process judgments, however, is governed by statutes specifically relating thereto rather than provisions relating to appeals generally. *Connecticut Betterment Corporation* v. *Ponton,* 5 Conn. Cir. Ct. 265, 267, 250 A.2d 340 (1968). The time limit for filing appeals in summary process cases is governed

---

[1] The appeal filed by the defendant is ambiguous as to whether it is an appeal from "a denial of a motion to open a judgment of possession" or an appeal from both a "denial of a motion to open" and "a judgment of possession." The parties have treated the appeal as embracing both actions, and for purposes of this discussion, we do likewise.

[2] Public Acts 1979, No. 79-571 § 60 provides as follows: "Execution shall be stayed for five days from the date judgment has been rendered, but any Sunday or legal holiday intervening shall be excluded in computing such five days. An appeal shall not be taken except within such period. If an appeal is taken within such period, execution shall be stayed until the final determination of the cause, unless it appears to the judge who tried the case that the appeal was taken solely for the purpose of delay or unless the defendant fails to give bond, as provided in section 61 of this act. If execution has not been stayed, as provided in this section, execution may then issue, except as otherwise provided in sections 47a-36 to 47a-41, inclusive, as amended by sections 63 to 67, inclusive, of this act."

by § 47a-35 rather than Practice Book, 1978, § 3007, and § 47a-35 provides a five-day appeal period and contains no provision extending the time to file the appeal until after the decision on a motion to open is decided. These controlling requirements are jurisdictional in nature, and the filing of a motion to open a summary process judgment does not toll the five-day appeal period. See *Housing Authority* v. *Bond,* 30 Conn. Sup. 580, 582–83, 311 A.2d 559 (1973). So much of the appeal in the present case as was taken from the judgment of possession must be dismissed because it was taken more than five days from the date of judgment.

The only remaining question is whether the defendant's appeal from the denial of his motion to open the judgment should be dismissed because it circumvents the legislative mandate that, in summary process cases, "[a]n appeal shall not be taken except within [five days from the date judgment has been rendered] . . . ." Public Acts 1979, No. 79-571 § 60. Ordinarily, the denial of a motion to open a judgment can form the basis of an appeal. *Monroe* v. *Monroe,* 177 Conn. 173, 176–77, 413 A.2d 819 (1979); *State* v. *Fahey,* 146 Conn. 55, 59, 147 A.2d 476 (1958). The scope of appellate review, in these matters, however, is limited to whether the trial court erred in denying the motion. A review of the pertinent statutes reveals no reason why the ordinary rules governing an appeal from a denial of a motion to open a judgment should not apply to such a motion directed to a judgment rendered in a summary process action. See General Statutes § 51-197d(2); Practice Book, 1978, § 3001. In limiting the right of appeal from judgments in summary process actions, the legislature expressed no intent regarding motions to open judgments.[3] Of course, the filing of such a motion does not stay execution

---

[3] See footnote 2, supra.

of the judgment because the legislature has expressly provided, in detail, rules controlling the issuance and the extent of stays in summary process cases. See General Statutes §§ 47a-35 through 47a-41 as amended by Public Acts 1979, No. 79-571 §§ 60, 63–67. Because the defendant's appeal from the denial of his motion to open does not impede the speedy remedy provided by summary process, it may go forward.

The appeal from the judgment of possession is dismissed.

ARMENTANO, SHEA and BIELUCH, Js., participated in this decision.