On February 28, 1980, judgment for possession was rendered for the plaintiff landlords. The next day the defendant filed a motion to open the judgment which was denied by the court (McKeever, J.) on March 17, 1980. On March 24, 1980, the defendant purported to appeal from both the judgment of possession and the denial of the motion to open;[1] the plaintiff has filed a motion to dismiss the appeal.
General Statutes 47a-35, as amended by Public Acts 1979, No. 79-571 60[2] provides that appeals in summary process cases must be taken within five days from the date of judgment. The defendant relies on the filing of his motion to open the judgment to suspend the running of this period. See Practice Book, 1978, 3007; DeLucia v. Home Owners' Loan Corporation, 130 Conn. 467, 470,35 A.2d 868 (1944). The taking of appeals from summary process judgments, however, is governed by statutes specifically relating thereto rather than provisions relating to appeals generally. Connecticut Betterment Corporation v. Ponton, 5 Conn. Cir. Ct. 265, 267, 250 A.2d 340 (1968). The time limit for filing appeals in summary process cases is governed *Page 625 
by 47a-35 rather than Practice Book, 1978, 3007, and 47a-35 provides a five-day appeal period and contains no provision extending the time to file the appeal until after the decision on a motion to open is decided. These controlling requirements are jurisdictional in nature, and the filing of a motion to open a summary process judgment does not toll the five day appeal period. See Housing Authority v. Bond, 30 Conn. Sup. 580, 582-83,311 A.2d 559 (1973). So much of the appeal in the present case as was taken from the judgment of possession must be dismissed because it was taken more than five days from the date of judgment.
The only remaining question is whether the defendant's appeal from the denial of his motion to open the judgment should be dismissed because it circumvents the legislative mandate that, in summary process cases, "[a]n appeal shall not be taken except within [five days from the date judgment has been rendered] . . . ." Public Acts 1979, No. 79-571 60. Ordinarily, the denial of a motion to open a judgment can form the basis of an appeal. Monroe v. Monroe, 177 Conn. 173, 176-77,413 A.2d 819 (1979); State v. Fahey, 146 Conn. 55,59, 147 A.2d 476 (1958). The scope of appellate review, in these matters, however, is limited to whether the trial court erred in denying the motion. A review of the pertinent statutes reveals no reason why the ordinary rules governing an appeal from a denial of a motion to open a judgment should not apply to such a motion directed to a judgment rendered in a summary process action. See General Statutes 51-197d(2); Practice Book, 1978, 3001. In limiting the right of appeal from judgments in summary process actions, the legislature expressed no intent regarding motions to open judgments.[3] Of course, the filing of such a motion does not stay execution *Page 626 
of the judgment because the legislature has expressly provided, in detail, rules controlling the issuance and the extent of stays in summary process cases. See General Statutes 47a-35 through47a-41 as amended by Public Acts 1979, No. 79-571 60, 63-67. Because the defendant's appeal from the denial of his motion to open does not impede the speedy remedy provided by summary process, it may go forward.
 The appeal from the judgment of possession is dismissed.
ARMENTANO, SHEA and BIELUCH, Js., participated in this decision.