We have previously ordered a dismissal of the appeal which was taken from the judgment of possession rendered in favor of the plaintiff lessors in this case, because it was filed after the expiration of the five days allowed for an appeal by the summary process statute. General Statutes *Page 627 47a-35; Maccio v. Hundley, 36 Conn. Sup. 623,422 A.2d 953 (1980). At the same time, we refused to dismiss the defendant's appeal from the denial of his motion to open the judgment, which we held was not governed by the time limit set forth in 47a-35
but by the limit established by Practice Book, 1978, 3007 for ordinary appeals.
The judgment of possession was entered in accordance with a motion by the plaintiff for default for failure to plead. The motion to open the judgment contains an affidavit of the attorney for the defendant stating that he had made an agreement with counsel for the plaintiffs that no pleading would be required of him until the plaintiffs had considered his proposal for settlement and had rejected it. The affidavit recites that a letter rejecting the proposal was received by the defendant's attorney on the same day that the judgment for possession was rendered, notice of which he received on the following day. The attorney for the plaintiffs filed an affidavit in opposition to the motion to open, declaring that the defendant's attorney had agreed to file a pleading while the proposal was being discussed.
We do not have a transcript of the proceeding at which the defendant's motion to open the judgment was denied by the trial court.[1] It appears, however, that no testimony was taken and that the court relied upon the affidavits submitted. No written memorandum of decision was filed nor did the court, either orally or in writing, indicate how the *Page 628 
conflicting statements in the affidavits of counsel were resolved or otherwise set forth the factual basis of its decision as required by Practice Book, 1978, 3060B.
Despite the failure of the trial court to articulate the basis of its decision, which would ordinarily warrant a remand in accordance with Practice Book, 1978, 3060D, we have concluded that the denial of the defendant's motion was proper because the motion failed to conform to the requirements of our rules of practice for opening default judgments. Practice Book, 1978, 377 provides that a written motion to set aside such a judgment "shall state in general terms the nature of the claim or defense. . . ." The same provision appears in General Statutes 52-212. The only reference to any defense contained in the affidavit attached to the motion filed by the defendant is as follows: "While there are defenses going to the merits of the plaintiffs' claims, the initial defense that would be raised would be an assertion that the Notice to Quit is defective in that it does not state a reason for termination." There is no merit to the deficiency claimed in the notice to quit, because the summary process statute does not require that any reason be specified. General Statutes 47a-23. The record indicates that the notice to quit served on the defendant conformed to the statutory form prescribed. Ibid. The defendant's vague reference to other defenses can hardly be regarded as a statement of the nature of those defenses or claims, as the rule demands. Manchester State Bank v. Reale,172 Conn. 520, 524-25, 375 A.2d 1009 (1977). The denial of a motion to open a default judgment cannot be held erroneous in any case where it appears that the defendant has no defense. A.D.C. Contracting Supply Corporation v. Thomas J. Riordan, Inc., 176 Conn. 579, 581, 409 A.2d 1027 (1979); *Page 629 
Jacobson v. Robington, 139 Conn. 532, 536,95 A.2d 66 (1953); see Bellonio v. Thomas Mortgage Co.,111 Conn. 103, 105, 149 A. 218 (1930).
 There is no error.
SHEA, DALY and BIELUCH, Js., participated in this decision.