### JOSE LOPEZ *v.* WILLIE LIVINGSTON ET AL.
### (AC 17892)

Landau, Schaller and Daly, Js.

Argued February 16—officially released June 1, 1999

*James A. Curran,* for the appellants (defendants).

*Douglas J. Lewis,* for the appellee (plaintiff).

*Opinion*

LANDAU, J. The defendants, Willie Livingston and Barbara Livingston, appeal following the trial court's denial of their motion to open a judgment of possession in a summary process action that was rendered in favor of the plaintiff, Jose Lopez. On appeal, the defendants claim that the trial court improperly denied their motion to open because, as a matter of law, a stay of the action upon the filing of a bankruptcy petition is mandatory and automatic.[1] The plaintiff asserts that although defense counsel made a representation that he filed a petition for bankruptcy on the defendants' behalf, he did not present any evidence to the trial court to that

---

[1] Because the defendants did not file this appeal within five days of the issuance of judgment of possession as required by § 47a-35; see *HUD/Barbour-Waverly* v. *Wilson,* 235 Conn. 650, 668 A.2d 1309 (1995); see also footnote 5; the question arose during oral argument as to whether this fact had any impact on this court's jurisdiction to hear the defendants' appeal taken from the denial of their motion to open that judgment. We ordered simultaneous supplemental briefs addressing this issue, which the parties filed.

In *Maccio* v. *Hundley,* 36 Conn. Sup. 623, 625, 422 A.2d 953 (1980), the Appellate Session of the Superior Court held that the strict jurisdictional time limit set in summary process cases does not apply to an appeal taken from the denial of a motion to open. In reaching this conclusion, the court noted that "[a] review of the pertinent statutes reveals no reason why the ordinary rules governing an appeal from a denial of a motion to open a judgment should not apply to such a motion directed to a judgment rendered in a summary process action." Id. Thus, in the present case, the defendants' failure to appeal within five days of the rendering of the judgment of possession does not deprive this court of subject matter jurisdiction to consider the defendants' appeal taken from the denial of their motion to open.

effect, thus preventing that court from finding that a petition had been filed. We affirm the judgment of the trial court.

The following procedural history is necessary for the resolution of this appeal. The plaintiff purchased the premises known as 22 Rowen Street Extension from the city of Danbury. On June 11, 1997, the defendants, who were in possession of the premises, were served with a notice to quit possession of the premises. Thereafter, the plaintiff commenced a summary process action against the defendants. Following the defendants' failure to appear, the trial court rendered judgment in favor of the plaintiff on November 17, 1997. The defendants did not file an appeal from that judgment. On November 25, 1997,[2] the defendants filed a motion to open, which the trial court heard and denied on December 8, 1997. On November 26, 1997, defense counsel filed a petition in bankruptcy on the defendants' behalf. At the hearing on the motion to open, defense counsel requested a stay pursuant to 11 U.S.C. § 362 (a) of the Bankruptcy Code.[3] Defense counsel neither presented any evidence nor made any representations regarding good cause to open the judgment.[4] The trial court denied the defendants' motion to open. This appeal followed.

[2] Although the defendants claim in their brief that they filed their motion to open on November 24, 1997, the docket sheet contained in the record indicates that they filed their motion on November 25, 1997.

[3] Section 362 (a) of title 11 of the United States Code provides in relevant part: "[A] petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of—

"(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . ."

[4] Pursuant to Practice Book § 17-43, formerly § 377, "[a]ny judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial

The defendants concede that they filed the motion to open after the five day statutory appeal period set forth in General Statutes § 47a-35 (b) had expired.[5] The defendants claim, however, that the appeal period was tolled by their filing of the petition in bankruptcy on November 26, 1997, because of the automatic stay provisions of 11 U.S.C. § 362 (a).[6] The defendants argue, therefore, that the trial court had no jurisdiction to entertain the motion to open during the period of the stay. We disagree.

"Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the [s]tate from which the judgments emerged would do so . . . . *Allen* v. *McCurry*, 449 U.S. 90, 96, 101 S. Ct. 411, 415, 66 L. Ed. 2d 308 (1980) (citing 28 U.S.C. § 1738 [1982]). Bankruptcy courts fall within Congress' mandate. See, e.g., *In the Matter of Farrell*, 27 B.R. 241, 243 (Bkrtcy. E.D.N.Y. 1982)." (Internal quotation marks omitted.) *Kelleran* v. *Andrijevic*, 825 F.2d

authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. . . ."

[5] General Statutes § 47a-35 provides: "(a) Execution shall be stayed for five days from the date judgment has been rendered, provided any Sunday or legal holiday intervening shall be excluded in computing such five days.

"(b) No appeal shall be taken except within such five-day period. If an appeal is taken within such period, execution shall be stayed until the final determination of the cause, unless it appears to the judge who tried the case that the appeal was taken solely for the purpose of delay or unless the defendant fails to give bond, as provided in section 47a-35a. If execution has not been stayed, as provided in this subsection, execution may then issue, except as otherwise provided in sections 47a-36 to 47a-41, inclusive."

[6] The defendants also claim that, pursuant to Practice Book § 63-1 (b), formerly § 4009, the judgment of possession in favor of the plaintiff was suspended by the defendants' filing of the motion to open. The filing of a motion to open, however, does not stay execution of the judgment. See *Maccio* v. *Hundley*, 36 Conn. Sup. 623, 625–26, 422 A.2d 953 (1980).

692, 694 (2d Cir. 1987), cert. denied, 484 U.S. 1007, 108 S. Ct. 701, 98 L. Ed. 2d 652 (1988). In the present case, the trial court rendered judgment of possession in favor of the plaintiff on November 17, 1997. The defendants did not appeal from that judgment within the statutory appeal period. It was not until November 26, 1997, a day after they filed the motion to open, that the defendants filed the petition in bankruptcy. The bankruptcy court, therefore, was bound to give preclusive effect to the default judgment obtained by the plaintiff in the state court to the same extent as would any Connecticut court.[7] The automatic stay provision of 11 U.S.C. § 362, therefore, did not act to prevent the trial court from considering the defendants' motion in this case.[8]

Upon application to open a judgment rendered following the default of a party, Practice Book § 17-43 requires that a reason be set forth to show why the party failed to appear. Recently, we again held that a trial court may properly refuse to grant a motion to open a default judgment when a defendant has failed to comply with the requirements of Practice Book § 17-43. See *Bufferd* v. *Yost*, 51 Conn. App. 1, 3–4, 719 A.2d 487 (1998); *Dister Corp.* v. *Northco, Inc.*, 50 Conn. App. 764, 766, 719 A.2d 485 (1998); see also *Costello* v. *Hartford Institute of Accounting, Inc.*, 193 Conn. 160, 167, 475 A.2d 310 (1984) (to set aside default judgment, there

---

[7] "Bankruptcy courts may look beyond a state court default judgment where the judgment was procured by collusion or fraud . . . or where the rendering court lacked jurisdiction . . . ." (Citations omitted.) *Kelleran* v. *Andrijevic*, supra, 825 F.2d 694. Although defense counsel mentioned a fraudulent conveyance at the hearing on the motion to open, it was a bare bones assertion lacking any evidential foundation or an offer of proof.

[8] We note that 11 U.S.C. § 362 (a) acts to stay the *commencement or continuation* of proceedings against a debtor that were commenced against him before the commencement of the case under this title. The defendants' argument is, therefore, somewhat disingenuous in that it was the defendants, through their motion to open the judgment, who were pursuing litigation which *had already gone to judgment* regarding their tenancy rights and the plaintiff was merely opposing the motion.

must be showing of *both* good defense and good cause for nonappearance). To the extent that the defendants' claim encompasses a challenge to the broad discretion of the trial court in denying their motion to open, we conclude, on the basis of our review of the record before us, that the trial court properly exercised its discretion.

The judgment is affirmed.

In this opinion the other judges concurred.