******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ATLANTIC ST. HERITAGE ASSOCIATES, LLC *v.*
PAUL NICHOLAS BOLOGNA
(AC 44441)

Prescott, Elgo and Suarez, Js.

*Syllabus*

The plaintiff sought, by way of summary process, to regain possession of
certain premises occupied by the defendant. The trial court granted the
plaintiff's motion for default for failure to plead and rendered a judgment
of possession in favor of the plaintiff. The following day, the defendant
filed a motion to open the judgment, which the court denied one week
later. Notice of the court's decision denying the motion to open issued
two days after that, and the defendant appealed that same day. There-
after, the plaintiff filed a motion to terminate the appellate stay, which
sought, in substance, a determination that there was not, in fact, an
appellate stay in effect because the defendant had not filed his appeal
within the five day statutory (§ 47a-35) appeal period in summary process
actions and that the filing of the motion to open did not extend the
appeal period. The defendant filed an objection, arguing that the case
was controlled by *Young* v. *Young* (249 Conn. 482). Following a hearing,
the court determined that no appellate stay was in effect that would
prevent the execution of the judgment of possession during the pendency
of the appeal. The defendant thereafter filed a timely motion for review
with this court. *Held* that the case was controlled by *Young*, and, there-
fore, the defendant's appeal was timely and, pursuant to § 47a-35 (b),
execution of the judgment of possession was stayed until the final
determination of the cause: because the defendant filed his motion to
open well within the five day appeal period and, pursuant to the applica-
ble rule of practice (§ 63-1 (c) (1)), a motion to open is a motion that,
if granted, would render the judgment ineffective, a new five day appeal
period arose when notice of the court's decision denying the motion to
open issued, and the defendant filed his appeal on that same day, well
within the new appeal period; accordingly, the defendant's motion for
review and the relief requested therein were granted, and the trial court's
order on the plaintiff's motion to terminate the appellate stay was
vacated.

Considered March 17—officially released April 27, 2021

*Procedural History*

Summary process action brought to the Superior
Court in the judicial district of Stamford-Norwalk,
Housing Session at Norwalk, where the defendant was
defaulted for failure to plead; thereafter, the court,
*Spader, J.*, rendered a judgment of possession for the
plaintiff; subsequently, the court denied the defendant's
motion to open, and the defendant appealed to this
court; thereafter, the court, *Spader, J.*, issued an order
on the plaintiff's motion to terminate the appellate stay,
and the defendant filed a motion for review with this
court. *Motion for review granted; relief granted.*

*Paul N. Bologna*, self-represented, in support of the
motion.

*Kurosh L. Marjani* and *Gessi Giarratana*, in opposi-
tion to the motion.

*Opinion*

PRESCOTT, J. In this commercial summary process action, the trial court determined that there was no automatic appellate stay that would prevent the execution of the judgment of possession during the pendency of this appeal. Pursuant to Practice Book § 61-14, the defendant, Paul Nicholas Bologna, doing business as Paul N. Bologna & Associates, timely filed a motion for review of that decision. We agree with the defendant that the trial court misapplied our Supreme Court's decision in *Young* v. *Young*, 249 Conn. 482, 733 A.2d 835 (1999), in reaching the conclusion that there is no automatic stay in existence. By order dated March 17, 2021, we granted the defendant's motion for review, granted the relief requested, vacated the trial court's decision, and indicated that an opinion would follow. This opinion provides our reasons for that order.

The following procedural history is relevant to our review. The plaintiff, Atlantic St. Heritage Associates, LLC, is the owner of a commercial building located at 184 Atlantic Street in Stamford. The defendant occupies a portion of the basement of that building (premises). The plaintiff served a notice to quit on the defendant on October 14, 2020, for nonpayment of rent, lapse of time, and termination of whatever right or privilege he once had to occupy the premises. The defendant did not quit possession. The plaintiff then initiated this action by service of a summary process summons and a three count complaint on November 17, 2020.

On December 3, 2020, after the defendant had appeared, the plaintiff filed a motion for default for failure to plead and for a judgment of immediate possession to enter on the default. On December 7, 2020, the defendant filed an objection to that motion, but he did not file an answer to the complaint.

On December 8, 2020, the court, *Spader, J.*, granted the plaintiff's motion for default and rendered a judgment of immediate possession in favor of the plaintiff. On December 9, 2020, the defendant filed a motion to open the judgment, which the court denied on December 16, 2020. Notice of the court's decision denying the motion to open issued on December 18, 2020, and the defendant filed this appeal that day. The defendant's appeal form referenced both the date of the judgment of possession and the denial of the motion to open.[1]

On January 7, 2021, the plaintiff filed a motion to terminate the appellate stay pursuant to Practice Book § 61-11 (e). The substance of the motion, however, did not seek termination of the appellate stay but, instead, sought a determination that there was no appellate stay in effect because the defendant did not file his appeal within five days of the judgment of possession and that the filing of a motion to open does not extend the appeal period. The defendant filed an objection arguing that

this matter was controlled by *Young* v. *Young*, supra, 249 Conn. 482. On January 26, 2021, the court heard the parties at a remote hearing on the record. On February 4, 2021, the court issued a four page memorandum of decision in which it determined that there was no appellate stay in effect and, therefore, no stay for it to terminate. This timely motion for review followed.[2]

We begin our discussion by acknowledging that "[s]ummary process is a special statutory procedure designed to provide an expeditious remedy. . . . It enable[s] landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common-law actions, they might be subjected by tenants wrongfully holding over their terms. . . . Summary process statutes secure a prompt hearing and final determination. . . . Therefore, the statutes relating to summary process must be narrowly construed and strictly followed." (Internal quotation marks omitted.) *Bayer* v. *Showmotion, Inc.*, 292 Conn. 381, 388, 973 A.2d 1229 (2009).

Appeals and stays of execution relating to summary process actions are governed by General Statutes § 47a-35.[3] In *HUD/Barbour-Waverly* v. *Wilson*, 235 Conn. 650, 656, 668 A.2d 1309 (1995), our Supreme Court determined that "the legislature intended to make the five day time limitation set forth in § 47a-35 a jurisdictional prerequisite to an appeal from a housing court ruling in a summary process eviction proceeding." Id., 656. In that case, the defendant filed her appeal "nineteen days after the expiration of the appeal period set forth in § 47a-35." Id., 655. Within the five day appeal period, however, she had filed a motion for an extension of time to appeal, which the trial court had granted. Id., 653–55. Our Supreme Court determined that the extension of time to appeal had no effect and held that this court had properly dismissed the defendant's appeal for lack of subject matter jurisdiction on the ground that it was untimely. Id., 659.

Four years later, in *Young* v. *Young*, supra, 249 Conn. 482, our Supreme Court considered the effect, if any, of a motion to reargue pursuant to Practice Book § 11-11 filed within the five day appeal period of § 47a-35. It held that the motion to reargue was unlike the motion for an extension of time to appeal that was at issue in *HUD/Barbour-Waverly*. Id., 489 n.15. Rather, the timely filing of the "motion to reargue suspended the five day appeal period in § 47a-35 until the . . . denial of that motion." Id., 496.

The court in *Young* relied on our rules of practice, which "[do] not enlarge or modify the statutory appeal period, but, rather, [give] guidance in determining when the appeal period shall commence, and in the case of any motion, which, if granted, would allow the court to render a new judgment, when the new appeal period shall commence." Id., 495; see also Practice Book § 63-

1 (c) (1).[4] The court reasoned that a motion to reargue pursuant to Practice Book § 11-11 is a motion that, if granted, could render the judgment or decision ineffective under Practice Book § 63-1. *Young* v. *Young*, supra, 249 Conn. 495. Our Supreme Court applied Practice Book § 63-1 and determined that the defendants' motion to reargue, which was filed within the five day appeal period, suspended that appeal period until the trial court resolved that motion. Id., 496. The defendants timely appealed following the denial of that motion, and, therefore, their "appeal of the underlying judgment was timely." Id.

In the present case, as noted by the trial court, the defendant did *not* file a motion to reargue pursuant to Practice Book § 11-11 within the five day appeal period. He instead filed a motion to open the judgment. Because, however, a motion to open is among the motions expressly included in Practice Book § 63-1 (c) (1), we are not persuaded that *Young* is distinguishable from the present case on that basis. We will nevertheless address the plaintiff's arguments to the contrary.

The plaintiff and the trial court relied on an older decision of the Appellate Session of the Superior Court for the proposition that "the filing of a motion to open a summary process judgment does not toll the [five day] appeal period." *Maccio* v. *Hundley*, 36 Conn. Supp. 623, 625, 422 A.2d 953 (App. Sess. 1980). The motion to open in *Maccio*, like the motion in this case, was filed one day after the judgment of possession was rendered. Id., 624. The defendant in *Maccio* appealed following the denial of the motion to open. Id. The court in *Maccio* rejected the defendant's argument concerning the applicability of the rule of practice equivalent to Practice Book § 63-1 (c) (1) that was then in effect[5] and dismissed the appeal as untimely as to the judgment of possession. Id., 624–25. To the extent that *Maccio* held that this rule of practice is inapplicable in the context of a summary process action, it is inconsistent with *Young* and is no longer good law.

The trial court here supports its reliance on *Maccio* with reference to this court's decision in *Lopez* v. *Livingston*, 53 Conn. App. 622, 731 A.2d 335 (1999), which was issued shortly before our Supreme Court officially released its decision in *Young*. In *Lopez*, the defendants conceded that they filed their motion to open "after the five day statutory appeal period set forth in . . . § 47a-35 (b) had expired." Id., 625. They appealed from the denial of that motion to open.[6] Relying on *Maccio*, this court rejected the defendants' argument that "the judgment of possession in favor of the plaintiff was suspended by the defendants' filing of the motion to open" and concluded that the "filing of a motion to open . . . does not stay execution of the judgment." *Lopez* v. *Livingston*, supra, 625 n.6. That statement in *Lopez* is correct when, as in *Lopez* itself, the motion to open is

filed *outside* of the five day statutory appeal period from the judgment of possession. Under those circumstances, there is no stay of execution pursuant to § 47a-35 (b).

The present case is controlled by *Young*. The defendant here filed his motion to open one day after the court rendered the judgment of possession, well within the five day appeal period set forth in § 47a-35. A motion to open is a motion that, if granted, would render the judgment ineffective pursuant to Practice Book § 63-1 (c) (1). A new five day appeal period from the judgment of possession, including a new stay period, arose on December 18, 2020, when notice of the trial court's decision denying the motion to open issued. See *Young* v. *Young*, supra, 249 Conn. 496. The defendant filed this appeal on December 18, 2020, which was within that new five day appeal period. Accordingly, we conclude that this appeal is timely as to the underlying judgment of possession and the denial of the motion to open[7] and "execution shall be stayed until the final determination of the cause" pursuant to § 47a-35 (b).

The defendant's motion for review is granted, the relief requested is granted, and the trial court's February 4, 2021 order on the plaintiff's motion to terminate the appellate stay is vacated.

In this opinion the other judges concurred.

[1] The defendant included December 8, 2020, as the "[d]ate of judgment(s) or decision(s) being appealed"; December 18, 2020, as the "[d]ate of issuance of notice on any order on any motion that would render judgment ineffective"; and listed "[d]enial of motion to open" as the action that constitutes an appealable judgment or decision.

[2] Notice of the court's decision issued from the appellate clerk on February 11, 2021. The defendant filed this timely motion for review on February 17, 2021. See Practice Book § 66-6. The plaintiff filed a timely opposition to this motion.

[3] General Statutes § 47a-35 provides: "(a) Execution shall be stayed for five days from the date judgment has been rendered, provided any Sunday or legal holiday intervening shall be excluded in computing such five days.

"(b) No appeal shall be taken except within such five-day period. If an appeal is taken within such period, execution shall be stayed until the final determination of the cause, unless it appears to the judge who tried the case that the appeal was taken solely for the purpose of delay or unless the defendant fails to give bond, as provided in section 47a-35a. If execution has not been stayed, as provided in this subsection, execution may then issue, except as otherwise provided in sections 47a-36 to 47a-41, inclusive."

[4] In its analysis, the court in *Young* refers to Practice Book § 63-1 (b). *Young* v. *Young*, supra, 249 Conn. 494. Practice Book § 63-1 has been amended several times since *Young* was decided, and the relevant language now resides in subsection (c).

Practice Book § 63-1 (c) (1) provides in relevant part: "If a motion is filed within the appeal period that, if granted, would render the judgment, decision or acceptance of the verdict ineffective, either a new twenty day period or applicable statutory time period for filing the appeal shall begin on the day that notice of the ruling is given on the last such outstanding motion . . . .

"Motions that, if granted, would render a judgment, decision or acceptance of the verdict ineffective include, but are not limited to, motions that seek: the opening or setting aside of the judgment; a new trial; the setting aside of the verdict; judgment notwithstanding the verdict; reargument of the judgment or decision; collateral source reduction; additur; remittitur; or any alteration of the terms of the judgment.

"Motions that do not give rise to a new appeal period include those that seek: clarification or articulation, as opposed to alteration, of the terms of

the judgment or decision; a written or transcribed statement of the trial court's decision; or reargument of a motion listed in the previous paragraph. . . ."

[5] Practice Book (1978) § 3007 provides in relevant part: "The party appealing shall, within twenty days, except where a different period is provided by statute, from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken file an appeal . . . *but if within the appeal period any motion is filed which, if granted, would render the judgment or decision ineffective, as, for example, a motion to open the judgment . . . the period of time for filing an appeal shall commence from the issuance of notice of the decision upon the motion . . . .*" (Emphasis added.)

[6] Although not stated in that opinion, a review of the record in *Lopez* indicates that the defendants filed their appeal within five days of the denial of their untimely motion to open. This court determined that it had jurisdiction to consider the appeal from the denial of the motion to open. *Lopez* v. *Livingston*, supra, 53 Conn. App. 623 n.1.

[7] See footnote 1 of this opinion.