******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# ANSONIA HOUSING AUTHORITY *v.* DARYL PARKS
## (AC 44894)

Bright, C. J., and Elgo and Suarez, Js.

*Syllabus*

The plaintiff housing authority sought, by way of summary process, to regain possession of certain premises leased to the defendant tenant. The plaintiff sent the defendant a pretermination notice for nonpayment of rent, to which the defendant did not respond. The plaintiff then served the defendant with a notice to quit possession and, thereafter, served the defendant with a summons and complaint seeking immediate possession of the premises. The defendant filed a motion to dismiss for lack of subject matter jurisdiction on the ground that the pretermination notice was defective. The trial court granted the defendant's motion to dismiss and rendered a judgment of dismissal. Nineteen days after the court rendered the judgment of dismissal, the plaintiff filed a motion to reargue, which the court denied. Thereafter, the plaintiff appealed to this court, and the defendant filed a motion to dismiss the appeal for lack of subject matter jurisdiction on the basis that the appeal was untimely, which this court granted. *Held* that this court lacked subject matter jurisdiction to entertain the plaintiff's appeal, the plaintiff having failed to comply with the five day appeal period set forth in the applicable statute (§ 47a-35): the plaintiff could not prevail on its claim that the five day appeal period set forth in § 47a-35 applies only to a tenant and not to a landlord, as the clear and unambiguous language of the statute includes appeals by any party, and the legislative policy in favor of the swift resolution of summary process actions, as reflected in the plain language of the statute, applies whether the appeal is brought by the landlord or the tenant; moreover, because the plaintiff's motion to reargue was filed outside of the statutory five day appeal period, its denial did not give rise to a new appeal period from the underlying judgment, as allowing an appeal from the judgment of dismissal pursuant to the denial of the motion to reargue would circumvent the jurisdictional appeal period created by the legislature; furthermore, this court lacked jurisdiction to review the denial of the plaintiff's motion to reargue because the plaintiff's claims on appeal related only to the merits of the court's legal analysis in granting the defendant's motion to dismiss, and, therefore, permitting review of the denial of the motion to reargue would have required this court to review the merits of the underlying judgment and effectively would have extended the time to appeal from the underlying judgment of dismissal when the time to do so had expired by statute.

Considered January 5—officially released April 5, 2022

*Procedural History*

Summary process action, brought to the Superior Court in the judicial district of Ansonia-Milford, where the court, *Pierson, J.,* granted the defendant's motion to dismiss for lack of subject matter jurisdiction; thereafter, the court denied the plaintiff's motion to reargue, and the plaintiff appealed to this court; subsequently, this court granted the defendant's motion to dismiss the appeal. *Appeal dismissed.*

*J.L. Pottenger, Jr.,* with whom were *Richard Tenenbaum,* and *Alexandra Gonzalez* and *Ann Sarnak,* certified legal interns, in support of the motion.

*Andrew Marchant-Shapiro,* in opposition to the motion.

*Opinion*

BRIGHT, C. J. In this summary process action, the plaintiff, Ansonia Housing Authority, appeals from the judgment of dismissal and the denial of its motion to reargue the dismissal. The defendant, Daryl Parks, moves to dismiss this appeal for lack of subject matter jurisdiction on the ground that the plaintiff failed to timely appeal from the judgment of dismissal pursuant to General Statutes § 47a-35. The plaintiff opposes the motion on the grounds that (1) the five day appeal period set forth in § 47a-35 applies only to an appeal brought by a tenant and is not applicable to an appeal brought by a landlord, and (2) its motion to reargue created a new appeal period for the judgment of dismissal. For the reasons that follow, we conclude that § 47a-35 is applicable to landlords and tenants alike and that the plaintiff's motion to reargue does not save the appeal from dismissal because it was not timely filed.[1]

The following facts and procedural history are relevant to our review. The plaintiff leased the property located at 70 Woodlawn Avenue, Unit 65 in Ansonia (premises) to the defendant. The defendant occupied the premises and agreed to pay $350 per month for rent. On January 13, 2020, the plaintiff sent the defendant a pretermination notice for nonpayment of rent. The defendant did not respond to the pretermination notice. On February 7, 2020, the plaintiff served the defendant with a notice to quit possession for nonpayment of rent. The defendant did not quit possession. The plaintiff then served the defendant with a summary process summons and complaint on February 15, 2020, seeking immediate possession of the premises.

The defendant filed an answer to the complaint on February 19, 2020. On March 18, 2020, the defendant filed a motion to dismiss the summary process action for lack of subject matter jurisdiction on the ground that the pretermination notice was defective. The plaintiff objected to the motion to dismiss on April 16, 2020. On March 24, 2021, the trial court granted the motion to dismiss for lack of subject matter jurisdiction based on the defective pretermination notice and dismissed the action.

On April 12, 2021, nineteen days after the court rendered the judgment of dismissal, the plaintiff filed a motion to reargue, which the court denied on August 10, 2021. The plaintiff filed this appeal on August 13, 2021, challenging the court's judgment of dismissal and its denial of the motion to reargue. The defendant moved to dismiss this appeal for lack of subject matter jurisdiction on timeliness grounds on November 12, 2021,[2] and the plaintiff objected.

We begin by setting forth the relevant legal principles that apply to summary process proceedings. "Summary process is a special statutory procedure designed to

provide an expeditious remedy. . . . It enable[s] land-
lords to obtain possession of leased premises without
suffering the delay, loss and expense to which, under
the common-law actions, they might be subjected by
tenants wrongfully holding over their terms. . . . Sum-
mary process statutes secure a prompt hearing and final
determination. . . . Therefore, the statutes relating to
summary process must be narrowly construed and
strictly followed." (Citations omitted; internal quotation
marks omitted.) *Young* v. *Young*, 249 Conn. 482, 487–88,
733 A.2d 835 (1999).

"Appeals in summary proceedings are governed by
the statutes specifically relating thereto rather than stat-
utes relating to appeals generally. . . . Thus, *parties
must comply with the five day appeal period* pursuant
to § 47a-35, rather than with the general twenty day
appeal period provided in Practice Book § 63-1 (a). The
requirement that appeals in summary process actions
comply with § 47a-35 is jurisdictional. . . . Therefore,
compliance with its mandate is a necessary prerequisite
to an appellate court's subject matter jurisdiction."
(Citations omitted; emphasis added; footnote omitted;
internal quotation marks omitted.) Id., 488–89; see also
*HUD/Barbour-Waverly* v. *Wilson*, 235 Conn. 650, 657,
668 A.2d 1309 (1995).

I

We first address the plaintiff's claim that the five day
appeal period set forth in § 47a-35 applies only to a
defendant tenant, and not to a plaintiff landlord.

The plaintiff's claim raises a question of statutory
interpretation. "When construing a statute, [o]ur funda-
mental objective is to ascertain and give effect to the
apparent intent of the legislature. . . . In other words,
we seek to determine, in a reasoned manner, the mean-
ing of the statutory language as applied to the facts
of [the] case, including the question of whether the
language actually does apply. . . . In seeking to deter-
mine that meaning, General Statutes § 1-2z directs us
first to consider the text of the statute itself and its
relationship to other statutes. If, after examining such
text and considering such relationship, the meaning of
such text is plain and unambiguous and does not yield
absurd or unworkable results, extratextual evidence of
the meaning of the statute shall not be considered."
(Internal quotation marks omitted.) *Jobe* v. *Commis-
sioner of Correction*, 334 Conn. 636, 648, 224 A.3d
147 (2020).

General Statutes § 47a-35 provides in relevant part:
"(a) Execution shall be stayed for five days from the
date judgment has been rendered, provided any Sunday
or legal holiday intervening shall be excluded in com-
puting such five days.

"(b) No appeal shall be taken except within such five-
day period. If an appeal is taken within such period,

execution shall be stayed until the final determination of the cause, unless it appears to the judge who tried the case that the appeal was taken solely for the purpose of delay or unless the defendant fails to give bond, as provided in section 47a-35a. . . .''

In addressing whether the statutory five day period constitutes a limit on this court's subject matter jurisdiction, our Supreme Court held that ''[i]n light of the plain language of § 47a-35, the fact that the summary process statutes are in derogation of common law and the legislative policy in favor of the swift resolution of disputes between landlords and tenants regarding rights of possession, we conclude that an appeal pursuant to § 47a-35 must be brought within five days of the rendering of a summary process judgment.'' *HUD/Barbour-Waverly* v. *Wilson*, supra, 235 Conn. 659.

These same principles apply with equal force to the issue of whether the five day period applies only to appeals taken by a tenant and not to appeals taken by a landlord. The plain language of § 47a-35 (b) is clear and unambiguous: the words ''[n]o *appeal* shall be taken'' include appeals by any party, including a landlord such as the plaintiff. (Emphasis added.) Furthermore, the legislative policy, in favor of the swift resolution of summary process actions, as reflected in the plain language of the statute, applies whether the appeal is brought by the landlord or the tenant. See *Henry Knox Sherill Corp.* v. *Randall*, 33 Conn. Supp. 522, 523, 358 A.2d 159 (App. Sess. 1976) (rejecting argument that five day appeal period in summary process actions applies only to appeals taken by tenant). Accordingly, the plaintiff was subject to the five day appeal period of § 47a-35.[3]

II

Next, we address whether the plaintiff's filing of a motion to reargue in the trial court affects our analysis. We conclude that, because the motion to reargue was filed outside of the statutory five day appeal period, it does not.

The court rendered a judgment of dismissal in the underlying summary process action on March 24, 2021. Pursuant to § 47a-35, the plaintiff was required to appeal from the judgment of dismissal no later than March 30, 2021.[4] Although the plaintiff did not file its appeal by March 30, 2021, it did file a motion to reargue in the trial court on April 12, 2021. The plaintiff contends that its motion to reargue gave rise to a new appeal period from the judgment. We are not persuaded.

Under Practice Book § 63-1 (c) (1),[5] if a motion that would render the judgment ineffective is filed within the appeal period, a new appeal period begins when the court issues a ruling on the motion. A motion to reargue is one such motion. In *Young* v. *Young*, supra, 249 Conn. 496, our Supreme Court held that a timely

motion to reargue filed within the five day appeal period "tolled the five day appeal period in § 47a-35" until the motion to reargue was denied. In its analysis, the court specifically noted that the motion to reargue was filed within the five day appeal period. Id., 490 n.17.

In the present case, however, the plaintiff filed its motion to reargue on April 12, 2021, nineteen days after the judgment of dismissal was rendered and thirteen days after the five day appeal period expired on March 30, 2021. Thus, unlike in *Young*, the plaintiff's motion to reargue was not filed within the appeal period and, therefore, the denial of that motion on August 10, 2021, did not give rise to a new appeal period from the judgment of dismissal. Accepting the plaintiff's argument that an untimely motion to reargue gives rise to a new appeal period from the underlying judgment would allow a party, through its own actions, to confer jurisdiction on this court when it otherwise would not exist pursuant to the statute. For that reason, even though the plaintiff filed this appeal within five days from the denial of the motion to reargue, allowing an appeal from the judgment of dismissal pursuant to the denial would circumvent the jurisdictional appeal period created by the legislature. Accordingly, we conclude that the plaintiff's appeal from the underlying judgment of dismissal is jurisdictionally late and must be dismissed.

### III

Finally, we address our dismissal of the plaintiff's appeal from the court's denial of its untimely motion to reargue.

Although the plaintiff's motion to reargue was filed too late to give rise to a new appeal period to challenge the judgment of dismissal, we generally will review on appeal whether the trial court abused its discretion in denying such an untimely motion. For example, in *Lopez* v. *Livingston*, 53 Conn. App. 622, 731 A.2d 335 (1999), this court considered an appeal taken from an untimely motion to open a judgment of possession rendered upon the defendants' default for failure to appear. This court concluded that "the defendants' failure to appeal within five days of the rendering of the judgment of possession does not deprive this court of subject matter jurisdiction to consider the defendants' appeal taken from the denial of their motion to open." Id., 623 n.1. This court then considered whether the trial court had abused its discretion in denying the motion to open and concluded that it had not, given the defendants' failure to make a showing of good cause, as required by Practice Book § 17-43, for their failure to appear. Id., 626–27. Thus, the issue on appeal in *Lopez* was not whether the court erred in rendering the underlying judgment, but whether it abused its discretion in denying the motion to open for reasons unrelated to the merits of the judgment.

Nevertheless, this general rule of exercising jurisdiction over appeals from a court's disposition of an untimely postjudgment motion has its limits. In *Tiber Holding Corp.* v. *Greenberg*, 36 Conn. App. 670, 652 A.2d 1063 (1995), this court dismissed an appeal taken from the denial of a motion for reconsideration filed outside the appeal period because the "claims on appeal all relate to the merits of the underlying judgment, rather than to whether the trial court abused its discretion in not reconsidering the judgment." (Footnote omitted.) Id., 672. We reasoned that allowing the defendant to use the untimely motion for reconsideration as a vehicle to challenge the merits of the underlying judgment would "in effect, extend the time to appeal." Id., 671.

Like the appellant in *Tiber Holding Corp.*, the plaintiff in the present case filed an untimely motion to reargue, contesting the propriety of the underlying judgment of dismissal. On appeal, the plaintiff's claims relate only to the merits of the court's legal analysis in granting the defendant's motion to dismiss. In particular, the plaintiff raises the following issues: (1) whether the court erred in applying the holding of *Presidential Village, LLC* v. *Perkins*, 332 Conn. 45, 65–66, 209 A.3d 616 (2019), to find that it lacked subject matter jurisdiction over the underlying case, and (2) whether the court erred in denying the plaintiff's motion to reargue. The plaintiff, in its motion to reargue filed in the trial court, argued only that the court misapplied *Presidential Village, LLC*. Thus, the only issue raised in the plaintiff's appeal is whether the court erred in rendering its judgment of dismissal. As in *Tiber Holding Corp.*, permitting review of the denial of the motion to reargue would require us to review the merits of the underlying judgment and effectively would extend the time to appeal from the underlying judgment of dismissal when the time to do so has expired by statute. Such a result is particularly untenable when the statutory appeal period has been held by our Supreme Court to be a limit on this court's subject matter jurisdiction. A party cannot confer subject matter jurisdiction on this court that otherwise does not exist by filing a motion to reargue that raises the same arguments considered by the court when it rendered judgment. Accordingly, in the present case, we lack jurisdiction to review the denial of the plaintiff's motion to reargue.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] By order dated January 5, 2022, this court granted the defendant's motion to dismiss for lack of subject matter jurisdiction, and indicated that an opinion would follow.

[2] A motion to dismiss an appeal for lack of jurisdiction may be filed at any time. Practice Book § 66-8.

[3] The plaintiff in its opposition to the motion to dismiss contends that the legislative history and original version of § 47a-35 indicate that the five day appeal period applies only to a tenant. Having determined that the statute is clear and unambiguous, we are prohibited from considering extratextual

evidence regarding the meaning of the statute. See *State* v. *Bemer*, 339 Conn. 528, 541, 262 A.3d 1 (2021) (if "the meaning of [the language of the statute] is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered" (internal quotation marks omitted)).

[4] Because there was an intervening Sunday between March 24, 2021, and March 29, 2021, the appeal period did not expire until March 30, 2021. See General Statutes § 47a-35 (a).

[5] Practice Book § 63-1 (c) (1) provides in relevant part: "If a motion is filed within the appeal period that, if granted, would render the judgment . . . ineffective, either a new twenty day appeal period or applicable statutory time period for filing the appeal shall begin on the day that notice of the ruling is given on the last such outstanding motion . . . ."

———————————————