ROSEMARY YOUNG *v.* DOUGLAS YOUNG ET AL.
(SC 16000)

Callahan, C. J., and Borden, Berdon, Katz and Palmer, Js.

Argued April 20—officially released July 13, 1999

*Joseph P. Ziehl*, for the appellants (defendants).

*Joseph A. Kriz*, with whom, on the brief, was *Ivan A. Hirsch*, for the appellee (plaintiff).

*Opinion*

KATZ, J. In this certified appeal, arising out of a summary process eviction action, we must resolve two issues. First, we must determine whether the defendants' motion to reargue tolled the statutory appeal period for summary process actions, under General

Statutes § 47a-35,[1] until the trial court's denial of that motion. We conclude that it did. Second, we must determine whether the defendants' failure to post a surety bond within five days of the entry of judgment, pursuant to General Statutes § 47a-35a,[2] provided a proper basis for dismissal of the defendants' appeal. We conclude that, under the circumstances of this case, the defendants were not required to post a bond. Accordingly, we reverse the judgment of the Appellate Court dismissing the defendants' appeal.

The following facts and procedural history are relevant to this appeal. On April 22, 1997, the plaintiff, Rosemary Young, instituted a summary process action, pursuant to General Statutes § 47a-23a,[3] seeking to evict

---

[1] General Statutes § 47a-35 provides: "Stay of execution. Appeal. (a) Execution shall be stayed for five days from the date judgment has been rendered, provided any Sunday or legal holiday intervening shall be excluded in computing such five days.

"(b) No appeal shall be taken except within such five-day period. If an appeal is taken within such period, execution shall be stayed until the final determination of the cause, unless it appears to the judge who tried the case that the appeal was taken solely for the purpose of delay or unless the defendant fails to give bond, as provided in section 47a-35a. If execution has not been stayed, as provided in this subsection, execution may then issue, except as otherwise provided in sections 47a-36 to 47a-41, inclusive."

[2] General Statutes § 47a-35a provides in relevant part: "Bond on appeal. Rent to be paid into court. (a) When any appeal is taken by the defendant occupying a dwelling unit as defined in section 47a-1 in an action of summary process, he shall, within the period allowed for taking such appeal, give a bond with surety to the adverse party to guarantee payment for all rents that may accrue during the pendency of such appeal, or, where no lease had existed, for the reasonable value for such use and occupancy that may so accrue; provided the court shall upon motion by the defendant and after hearing thereon order the defendant to deposit with the court payments for the reasonable fair rental value of the use and occupancy of the premises during the pendency of such appeal accruing from the date of such order. Such order shall permit the payment of such amount in monthly instalments, as it becomes due, and compliance with such order shall be a substitute for any bond required by this section. . . ."

[3] General Statutes § 47a-23a provides in relevant part: "Complaint. (a) If . . . the lessee or occupant neglects or refuses to quit possession or occupancy of the premises, any commissioner of the Superior Court may issue a writ, summons and complaint which shall be in the form and nature of

the defendants, Douglas Young and Maureen Young.[4] The plaintiff asserted nonpayment of monthly rent for the premises located at 28 Lighthouse Point in Fairfield and claimed immediate possession of the premises on the ground that the defendants' right or privilege to occupy had terminated.[5] The trial court found that the defendants' prior right or privilege of possession had terminated and, on April 17, 1998, rendered a judgment of possession in favor of the plaintiff.[6]

On April 20, 1998, three days after the trial court's judgment of possession, the defendants filed a motion to reargue pursuant to Practice Book § 11-11.[7] As the

an ordinary writ, summons and complaint in a civil process, but which shall set forth facts justifying a judgment for immediate possession or occupancy of the premises and make a claim for possession or occupancy of the premises. . . ."

Section 47a-23a (a) was amended by No. 97-231, § 9, of the 1997 Public Acts. Those changes, however, are not relevant to this appeal. References herein are to the current revision.

[1] The defendants are the plaintiff's son and daughter-in-law.

[5] At trial, the defendants denied that they had failed to pay the rent due and claimed that the plaintiff had conveyed the property to the defendant Douglas Young by a quitclaim deed. Additionally, the defendants argued that even if the plaintiff had not conveyed the property by quitclaim deed, the plaintiff had conveyed a life estate in the property to the defendant Douglas Young.

[6] The trial court explained: "The court concludes that the plaintiff was not divested of her ownership of the premises by the quitclaim deed as the condition was not satisfied.

"Based upon the testimony and stipulations and credible testimony, the court finds and concludes that the plaintiff has sustained her burden of proof as to the allegation of the second count in the complaint for immediate possession of the premises. That the right previously had been terminated.

"Accordingly, judgment for possession of the premises shall enter in favor of the plaintiff on the second count only, the prior right or privilege having been terminated." *Young* v. *Young*, Superior Court, judicial district of Fairfield, Housing Session at Bridgeport, Docket No. 34276 (April 17, 1998).

[7] Practice Book § 11-11 provides: "Motions Which Delay the Commencement of the Appeal Period or Cause the Appeal Period to Start Again

"Any motions which would, pursuant to Section 63-1, delay the commencement of the appeal period, and any motions which, pursuant to Section 63-1, would toll the appeal period and cause it to begin again, shall be filed simultaneously insofar as such filing is possible, and shall be considered

basis of their motion, the defendants claimed that the trial court's findings directly contravened the recent Appellate Court case of *Kallas* v. *Harnen*, 48 Conn. App. 253, 709 A.2d 586, cert. denied, 244 Conn. 935, 717 A.2d 232 (1998).[8]

On May 4, 1998, the trial court denied the defendants' motion to reargue. At that time, the court also indicated that it would later determine the reasonable rental value of the premises and require the defendants to make payments to the court in accordance with that determination. The court rescheduled the case for two weeks hence in order to give the plaintiff an opportunity to obtain an appraisal of the property and an estimate of its fair rental value.[9]

On May 7, 1998, twenty days after the trial court's judgment of possession and three days after the trial court's decision regarding the defendants' motion to dismiss, the defendants appealed to the Appellate Court from the trial court's judgment of possession.[10] The

---

by the judge who rendered the underlying judgment or decision. The party filing any such motion shall set forth the judgment or decision which is the subject of the motion, the name of the judge who rendered it, the specific grounds upon which the party relies, and shall indicate on the bottom of the first page of the motion that such motion is a Section 11-11 motion. The foregoing applies to motions to reargue decisions that are final judgments for purposes of appeal, but shall not apply to motions under Sections 16-35, 16-36 and 11-12."

[8] In *Kallas* v. *Harnen*, supra, 48 Conn. App. 259–60, the Appellate Court held that where the parties to a contract deposited money into an escrow account controlled by the defendant's attorney, the attorney's actions were imputed to the defendant. Therefore, although the attorney may have acted as an escrow agent for both of the parties, the plaintiff was entitled to the return of his deposit. Id.

[9] On May 18, 1998, the trial court determined that the fair rental value of the property was $1700 per month. The court then established a rent payment schedule for the defendants based on this appraisal.

[10] The defendants asserted in their brief and at oral argument that their appeal to the Appellate Court was from the trial court's denial of their motion to reargue, not from the underlying judgment of possession. The record indicates, however, that the defendants appealed from the underlying judgment of possession and not from the denial of the their motion to

plaintiff filed a motion to dismiss the appeal, arguing that, because the defendants had failed to appeal within five days of the April 17, 1998 judgment of possession, as mandated by § 47a-35,[11] the Appellate Court did not have jurisdiction to entertain the appeal. The plaintiff further argued that the defendants had failed to post a surety bond as required by § 47a-35a.[12]

The Appellate Court granted the plaintiff's motion to dismiss without opinion. We granted the defendants' petition for certification limited to the following issues: (1) "Whether the defendants' motion to reargue pursuant to Practice Book § 11-11 tolled the appeal period until the denial of that motion?" and (2) "Whether, under the circumstances surrounding this case, the defendants' failure to post a bond within five days of the entry of judgment formed a proper basis for the dismissal of the defendants' appeal?" *Young* v. *Young*, 247 Conn. 913, 719 A.2d 906 (1998). We conclude that the defendants' appeal was timely and that the defendants were not required, under the circumstances of this case, to post a bond. We, therefore, reverse the Appellate Court's judgment dismissing the defendants' appeal, and remand the case to that court with direction to proceed with the defendants' appeal.

I

Before considering the merits of this appeal, we recognize the purposes of summary process proceedings and accompanying procedures.[13] "Summary process is a special statutory procedure designed to provide an expeditious remedy." *Mayron's Bake Shops, Inc.* v.

reargue. Because we conclude that the motion to reargue tolled the period during which the defendants had to appeal the judgment of possession, their assertion is not fatal.

[11] See footnote 1 of this opinion.

[12] See footnote 2 of this opinion.

[13] The summary process statutes are contained in General Statutes §§ 47a-23 through 47a-42a.

*Arrow Stores, Inc.*, 149 Conn. 149, 154, 176 A.2d 574 (1961). It "enable[s] landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common-law actions, they might be subjected by tenants wrongfully holding over their terms." *Marsh* v. *Burhans*, 79 Conn. 306, 308, 64 A. 739 (1906); see *Ossen* v. *Wanat*, 217 Conn. 313, 317, 585 A.2d 685, cert. denied, 502 U.S. 816, 112 S. Ct. 69, 116 L. Ed. 2d 43 (1991); *Prevedini* v. *Mobil Oil Corp.*, 164 Conn. 287, 292, 320 A.2d 797 (1973); *Feneck* v. *Nowakowski*, 146 Conn. 434, 436, 151 A.2d 891 (1959); *Jo-Mark Sand & Gravel Co.* v. *Pantanella*, 139 Conn. 598, 600, 96 A.2d 217 (1953).

Summary process statutes "secure a prompt hearing and final determination." *Todd* v. *LaMar*, 6 Conn. Cir. Ct. 528, 529, 277 A.2d 724 (1971); *Henry Knox Sherrill Corp.* v. *Randall*, 33 Conn. Sup. 522, 358 A.2d 159 (1976). Therefore, the statutes relating to summary process must be narrowly construed and strictly followed. See *HUD/Barbour-Waverly* v. *Wilson*, 235 Conn. 650, 658, 668 A.2d 1309 (1995); *Housing Authority* v. *Harris*, 225 Conn. 600, 605, 625 A.2d 816 (1993); *Jo-Mark Sand & Gravel Co.* v. *Pantanella*, supra, 139 Conn. 600–601; *Vogel* v. *Bacus*, 133 Conn. 95, 97, 48 A.2d 237 (1946).

"Appeals in summary proceedings are governed by the statutes specifically relating thereto rather than statutes relating to appeals generally." *Connecticut Betterment Corp.* v. *Ponton*, 5 Conn. Cir. Ct. 265, 267, 250 A.2d 340 (1968). Thus, parties must comply with the five day appeal period pursuant to § 47a-35, rather than with the general twenty day appeal period provided in Practice Book § 63-1 (a).[14] The requirement that appeals in summary process actions comply with § 47a-35 is

[14] Practice Book § 63-1 (a) provides in relevant part: "Except where a different time is provided by statute, a party shall have twenty days from the commencement of the appeal period as set forth in this subsection to file an appeal . . . ."

jurisdictional. See *HUD/Barbour-Waverly* v. *Wilson*, supra, 235 Conn. 657. Therefore, "compliance with its mandate is a necessary prerequisite to an appellate court's subject matter jurisdiction." Id.[15]

## II

With these overarching principles in mind, we turn to the first certified issue in this appeal, that is, whether the defendants' motion to reargue pursuant to Practice Book § 11-11 tolled the statutory appeal period for summary process actions under General Statutes § 47a-35 until the trial court's denial of that motion. We conclude that Practice Book § 11-11 tolled the statutory appeal period.

To address this issue, we must interpret § 47a-35. In doing so, we are guided by well established principles of statutory construction. "Statutory construction is a question of law and therefore our review is plenary. . . . [O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles

---

[15] Although we have concluded that the five day limitation on summary process appeals is jurisdictional, we have never before decided whether a motion to reargue tolls the appeal period for summary process actions. In *HUD/Barbour-Waverly* v. *Wilson*, supra, 235 Conn. 656, we held that "the legislature intended to make the five day time limitation set forth in § 47a-35 a jurisdictional prerequisite to an appeal from a housing court ruling in a summary process eviction proceeding." We found the defendant's appeal untimely because the defendant had not filed an appeal until nineteen days after the expiration of the appeal period. Id., 655. Although the defendant in *HUD/Barbour-Waverly* had filed a motion for an extension of time, pursuant to Practice Book § 4040 (now § 66-1), within the five day appeal period; id., 654; a motion for extension of time is not designated in § 63-1, currently at issue. Therefore, we reject the plaintiff's contention that a decision by this court that a motion to reargue, pursuant to § 63-1, tolls the five day period violates the reasoning of *HUD/Barbour-Waverly*.

governing the same general subject matter." (Citation omitted; internal quotation marks omitted.) *Rivera* v. *Double A Transportation, Inc.*, 248 Conn. 21, 25, 727 A.2d 204 (1999).

We begin our analysis with the words of the statute itself. General Statutes § 47a-35 provides in relevant part: "(a) Execution shall be stayed for five days from the date judgment has been rendered . . . . (b) No appeal shall be taken except within such five-day period. . . ." According to § 47a-35, therefore, the defendants were required to appeal from the trial court's judgment of possession within five days of the April 17, 1998 bench decision. *HUD/Barbour-Waverly* v. *Wilson*, supra, 235 Conn. 657. "The word within is of controlling importance. It means not longer in time than . . . not later than." (Internal quotation marks omitted.) *Lamberti* v. *Stamford*, 131 Conn. 396, 398, 40 A.2d 190 (1944). Accordingly, the defendants were required to appeal the judgment of possession "no later than" April 23, 1998.[16]

Although the defendants did not file an appeal by April 23, 1998, they did file a motion to reargue on April 20, 1998, three days after the judgment of possession.[17] The defendants contend that their motion to reargue tolled the appeal period until the trial court's disposition of that motion on May 14, 1998. The plaintiff argues that the defendants' motion to reargue did not suspend

---

[16] April 23, 1998, is *six* calendar days from the date of judgment. Section 47a-35 (a) excludes, however, Sundays and legal holidays from the five day calculation. Here, the trial court rendered judgment on Friday, April 17, 1998. Therefore, the intervening Sunday was excluded from the appeal period calculation.

[17] Therefore, because the defendants filed the motion to reargue within five days of the judgment, the only issue before the court is whether that motion tolled the five day appeal period. See *Stephen* v. *Hoerle*, 39 Conn. App. 253, 256–57, 644 A.2d 817 (1995) (regarding effect of motions filed *beyond* appeal period).

the five day appeal period provided in § 47a-35. Once again, we turn to the statute.

Although the five day appeal period is mandatory, the statute does not address the effect of motions, such as a motion to reargue, on the five day appeal period. Additionally, the statute makes no reference to actions or motions that may "toll" or stop the appeal period from running. Thus, nothing on the face of the statute precludes the tolling of the appeal period, after it commences on the date of judgment, until the trial court's decision on the defendants' motion to reargue.

We turn next to the legislative history of § 47a-35 for guidance. Although the history is silent as to whether a motion to reargue tolls the five day appeal period, the general purpose of expedient summary process proceedings is evident. The original version of § 47a-35, enacted in 1852,[18] required defendants in summary process cases to obtain a writ of error and bill of exceptions within twenty-four hours after judgment was rendered.[19] Although the legislature later extended the deadline for appeals or writs of error to the current five day period, the time frame remains short, evincing an intention to provide a quick remedy for landlords.

The defendants argue, nevertheless, that the proposed tolling effect of a motion to reargue would not

---

[18] Public Acts 1852, c. 5.

[19] Public Acts 1852, c. 5, § 3, provides: "Whenever any writ of error shall be procured by the lessee or respondent, in an action of summary process, then such lessee or respondent shall give good and sufficient bond with surety to the adverse party, to answer for all rents that may accrue during the pendency of such writ of error, or which may be due at the time of the final disposal of such writ of error; and such lessee or respondent shall have *twenty-four* hours after judgment has been rendered, for filing his bill of exceptions, and procuring his writ of error, and execution shall be stayed during that time: *Provided,* it shall appear to the justice who renders the judgment that such proceedings are not made for the purposes of delay." (Emphasis altered.)

unduly interfere with or contravene the legislative purpose of providing expedient summary process proceedings. Indeed, we acknowledge that the legislature has provided other mechanisms by which a tenant may permissibly frustrate a landlord's right to expedient summary process. For example, § 47a-35 (b) provides for a stay of execution of a trial court's judgment during the pendency of any appeal.[20] Under this provision, assuming a timely appeal is filed, a trial court's judgment of possession could be stayed indefinitely until the Appellate Court renders a decision on the appeal. Additionally, General Statutes § 47a-37[21] provides the procedures for an application for a stay of execution, allowing the judgment to be stayed until a decision is rendered

[20] General Statutes § 47a-35 (b) provides: "No appeal shall be taken except within such five-day period. If an appeal is taken within such period, *execution shall be stayed until the final determination of the cause*, unless it appears to the judge who tried the case that the appeal was taken solely for the purpose of delay or unless the defendant fails to give bond, as provided in section 47a-35a. If execution has not been stayed, as provided in this subsection, execution may then issue, except as otherwise provided in sections 47a-36 to 47a-41, inclusive." (Emphasis added.)

[21] General Statutes § 47a-37 provides: "Application for stay of execution. (a) Within a period of five days after a judgment has been rendered for a plaintiff under the provisions of section 47a-26, 47a-26a, 47a-26b or 47a-26d for any reason other than (1) nonpayment of rent, (2) nuisance committed or permitted by the defendant, (3) the use of or permitting the use of the premises for an immoral or illegal purpose, or (4) the ground set forth in subdivision (2) of subsection (a) of section 47a-23, any defendant against whom such judgment has been rendered may file an application in triplicate with the clerk of the superior court in which the judgment was rendered, requesting a stay of execution and setting forth the reasons therefor, except that in the case of a judgment rendered against a defendant for nonpayment of rent, if within five days of the date of such judgment the defendant deposits with the clerk of the court the full arrearage, the defendant may then apply for a stay of execution in accordance with this section. The clerk shall distribute such arrearage to the plaintiff in accordance with an order of the court.

"(b) The court rendering the judgment shall inform each defendant in such case of his right to file an application for a stay of execution and, upon request, shall furnish him with the necessary form. Upon the filing of such an application, execution of the judgment rendered shall be further stayed until a decision is rendered on the application. The clerk of the

on the application. Finally, General Statutes § 47a-39[22] also permits trial courts to grant a stay of execution when tenants are unable to obtain alternate housing.

As a result of these provisions, a trial court's remedy often will not go into effect until all appealable issues are resolved. As the defendants point out, tolling the appeal period, which effectively would provide parties with the additional time within which to appeal, likely will result in no greater, and indeed often less, delay than the legislatively approved delays resulting from stays of execution. Therefore, we agree with the defendants that, despite the interest in providing expedient summary process proceedings, there is nothing in the statutory scheme governing summary process actions that authoritatively precludes this court from deciding that a motion to reargue tolls the appeal period until a decision on that motion has been rendered.

court rendering the judgment shall forthwith hand or send one copy of the application of the adverse party or his attorney, shall note on the original and each copy the date of filing and the date and method of transmittal of the copy to the adverse party or his attorney, and shall file the original and one copy of the application with the complete court records, papers and exhibits in connection with such proceedings."

[22] General Statutes § 47a-39 provides in relevant part: "Court may grant stay of execution. Upon the hearing on such application in the Superior Court the judgment of the trial court shall stand, but upon such hearing if it appears that the premises, judgment for possession or occupancy of which has been rendered, are used for dwelling purposes and are not excluded by the provisions of section 47a-36; that the applicant cannot secure suitable premises for himself and his family elsewhere within the city or town or in a city or town adjacent thereto in a neighborhood reasonably comparable to that in which the premises occupied by him are situated; that he has used due diligence and reasonable effort to secure other premises; that his application is made in good faith, and that he will abide by and comply with such terms and provisions as the court may prescribe, the court may grant a stay of execution for a period or for periods in the aggregate not exceeding six months from the date of the judgment in the summary process action upon such conditions and terms as appear fair and equitable, except that such stay of execution shall not exceed three months in the aggregate if the reason for the judgment against the defendant was nonpayment of rent . . . ."

The defendants also argue that tolling the appeal period until the motion to reargue has been decided promotes the interests of judicial economy. The defendants' motion to reargue, if granted, could have rendered the trial court's judgment of possession ineffective.[23] Under the plaintiff's theory, the defendants would have been required to file *both* an appeal of the underlying judgment of possession *and* a motion to reargue. The plaintiff would require both actions despite the possibility that a decision granting the motion to reargue may have altered the underlying judgment and thus eliminated the defendants' need to appeal. To require these duplicative actions squanders judicial and party resources.

Practice Book § 63-1 (b) prevents this waste of resources and promotes judicial economy by providing that a new appeal period commences upon a court's decision regarding a motion that could render a judgment ineffective. Section 63-1 (b), captioned "Effect of motions filed prior to taking of appeal," provides in relevant part: "If within the appeal period, including any extension thereof, the appellant files a motion for waiver of fees, costs and security pursuant to Section 63-6 or 63-7 *or any party files any motion, which, if granted, would render the judgment or decision appealed from ineffective, a new appeal period shall commence upon the issuance of notice of the decision on the last such outstanding motion. . . .*" (Emphasis added.) Thus, parties may wait until the court renders decisions on all outstanding motions that would render the underlying judgment ineffective before filing an appeal from the underlying judgment.

---

[23] Practice Book § 63-1 (b) provides in relevant part: "Motions that would render the judgment or decision ineffective include, but are not limited to, motions to open judgment, motions for new trial, motions to set aside the verdict, motions for judgment notwithstanding the verdict, *motions to reargue the judgment or decision being appealed,* and motions for collateral source reduction . . . ." (Emphasis added.)

The defendants urge the court to recognize the principles of judicial economy inherent in § 63-1 and advance those ends by not forcing the court and the parties to expend resources on an appeal that may become moot upon the trial court's decision on the motion to reargue. We are persuaded.

Section 63-1 does not enlarge or modify the statutory appeal period, but, rather, gives guidance in determining when the appeal period shall commence, and in the case of any motion, which, if granted, would allow the court to render a new judgment, when the new appeal period shall commence.[24] Similarly, Practice Book § 11-11 embodies the directions regarding motions that delay the appeal period, and incorporates by reference those motions filed pursuant to § 63-1 that are properly made from judgments considered final for purposes of appeal. These provisions reflect the courts' authority "to prescribe rules to regulate their proceedings and facilitate the administration of justice as they deem necessary." (Internal quotation marks omitted.) *State* v. *King*, 187 Conn. 292, 297, 445 A.2d 901 (1982), quoting *State* v. *Clemente*, 166 Conn. 501, 514, 353 A.2d 723 (1974); see also *Mitchell* v. *Mitchell*, 194 Conn. 312, 324, 481 A.2d 31 (1984) (finding that rules of practice supplement requirements of marriage dissolution statutes and stating that "[t]he [Practice Book] rule does not alter the statute but rather implements it . . . . [W]e see no conflict between the rule and the statute.").

Rather than read these Practice Book provisions and General Statutes § 47a-35 to be in conflict, and thereby engender separation of powers concerns; see *Mitchell* v. *Mitchell*, supra, 194 Conn. 323–24; we recognize the

[24] Although § 63-1 distinguishes between those appeals that must be filed within twenty days and those appeals that are controlled by other statutes for purposes of determining when the appeal period commences, subsection (b) of that rule of practice does not differentiate between which types of appeals may be tolled.

inherent powers of the court to open judgments and, consequently, to determine *when* the appeal period properly may commence. Moreover, this is not the only time in connection with summary process proceedings that the rules of practice are consulted when the controlling statute is silent. For example, General Statutes § 47a-35 (a) simply provides that "[e]xecution shall be stayed for five days from the date judgment has been *rendered* . . . ." (Emphasis added.) The statute does not, however, define the term "rendered." Consequently, we look to the rules of practice to determine whether, for example, a decision is considered rendered on the date of mailing or the date the parties receive the decision. See Practice Book § 63-1 (a).

Applying Practice Book § 63-1 to the present case, the defendants' motion to reargue suspended the five day appeal period in § 47a-35 until the May 4, 1998 denial of that motion. Accordingly, in light of the foregoing, we conclude that the defendants' motion to reargue pursuant to Practice Book § 11-11 tolled the five day appeal period in § 47a-35 until the trial court's May 4, 1998 denial of that motion. Therefore, the defendants' May 7, 1998 appeal of the underlying judgment was timely.

### III

The second issue we must address is whether the defendants' failure to post a surety bond within five days of the judgment of possession formed a proper basis for the dismissal of their appeal. We conclude that, according to the plain language of the statute, the defendants were not required to post a bond. Thus, the Appellate Court improperly dismissed the defendants' appeal.

Initially, we recognize that "the purpose of the bond requirement is to protect the landlord in receiving rent for occupancy of the premises." *Wolf* v. *Carden*, 30

Conn. Sup. 507, 511, 294 A.2d 640 (1972). "Failure to comply with the bond requirement makes the appeal voidable upon attack." Id., 512. Therefore, "the failure to provide such a bond furnishes a sufficient ground for dismissal of the appeal." *Wolf* v. *Fuller*, 30 Conn. Sup. 527, 534, 298 A.2d 244 (1972).

Resolution of this issue also requires an interpretation of § 47a-35a. Our interpretation is again guided by the aforementioned principles of statutory construction.

We note first that the plain language of the statute supports our conclusion that the defendants, under the circumstances of this case, were not required to post a bond. The statute provides an exception to the bond requirement *"where no lease had existed,* for the reasonable value for such use and occupancy that may so accrue; provided the court shall *upon motion by the defendant* and after hearing thereon order the defendant to deposit with the court payments for the reasonable fair rental value of the use and occupancy of the premises during the pendency of such appeal . . . ." (Emphasis added.) General Statutes § 47a-35a (a). Therefore, when no lease exists, defendant tenants may, upon their motion, make payments to the court for the "reasonable fair rental value" of the property in place of a bond.

There is no claim that any legislative history or decisions of an appellate tribunal requires a different interpretation. Accordingly, we conclude that the statutory exception to the bond requirement applies to the present case. No lease existed between the parties. Therefore, upon motion, the statute permitted the defendants to make payments for the fair rental value of the property to the court in place of a bond. The record indicates that the defendants made such a motion, and the court ordered the defendants to pay a fair rental value of

$1700 per month for the premises.[25] The defendants have complied fully with this order and, therefore, have met the requirements of § 47a-35a (a). Thus, we conclude that the lack of a bond was not a proper basis for dismissal of the defendants' appeal.

IV

In summary, we conclude that the filing of the defendants' motion to reargue pursuant to Practice Book § 11-11 tolled the appeal period in General Statutes § 47a-35. Additionally, we conclude that, under the circumstances of this case, the defendants were not required to post a surety bond pursuant to § 47a-35a.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to consider the defendants' appeal.

In this opinion the other justices concurred.

---

[25] The trial court's notice of decision following the hearing to determine the reasonable rental value provided that "fair rental value for the house in question is determined by the court to be $1700 per month. Payments shall begin retroactively from 4-17-98. Payments shall be made into the court. Payment for the period of 4-17-98 to 5-17-98 is due by 5-20-98. Payment for the period of 5-17-98 to 6-17-98 is to be made no later than 5-25-98. All other payments shall be made no later than the 17th of each month at the beginning of the rent period. A stay of execution is granted through 8-1-98."

The plaintiff concedes that the trial court ordered such payments but argues that the defendants never made a motion for such a determination. We find that the record supports the defendants' assertion that they did make a motion for order of payments.