Memorandum of Decision on Plaintiffs Motion to Dismiss
McNAMARA, J.

Introduction

The Plaintiff, Sheryl L. Santoro, surviving spouse, and the Estate of Rocco Santo-ro have filed a Motion to Dismiss Appeal on the ground that the appeal of Finding of Fact and Award has been filed in excess of twenty days as required under Mohegan Workers Compensation Law, Sec. 4-207.

Background

This appeal arises from the Decision of a Mohegan Workers Compensation Commissioner, (Pacelli, Cmsr.). The Commissioner ordered that the Respondent-Employer, Mohegan Tribal Gaming Authority pay to Sheryl Santoro, surviving spouse and presumptive dependent of decedent-employee, Rocco Santoro, all compensation for death benefits that she is entitled to pursuant to Mohegan Tribe for Indians Workers Compensation Law Sec. 4-221). The Commissioner concluded that an employee/ employer relationship existed between the decedent, Rocco Santoro, and the Respondent, Mohegan Tribal Gaming Authority, that a timely claim for dependent benefits was filed by the surviving widow of Rocco Santoro and although the Respondent established that at the time of the fatal single car motor vehicle accident the decedent, Rocco Santoro, had a .09% blood alcohol concentration, the Respondent failed to meet its burden that the elevated blood alcohol concentration was a substantial factor in said accident. The date of said decision was April 26, 2012.
*399 On or about May 7, 2012, the Respondent/Appellant filed a Motion to Correct Finding. In said motion, the Respondent requested that the court strike the portion of the award that claimed the Respondent failed to meet its burden that the decedent’s alcohol consumption was a substantial and a significant cause of the claimant’s fatal accident. It also requested that the Court strike the Award, Judgment, Order and Decree and substitute language dismissing the claim.
On May 15, 2012, Commissioner Pacelli denied the Respondent’s motion.
On May 22, 2012, the Respondent appealed said Decision to the Mohegan Gaming Disputes Trial Court.

Discussion

The standard of review on a Motion to Dismiss is not in dispute. “A Motion to Dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts.” Carl J. Herzog Foundation, Inc. v. University of Bridgeport 41 Conn.App. 790, 793, 677 A.2d 1378 (1996). “In ruling on whether a complaint survives a motion to dismiss, a court must take the facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader ... A motion to dismiss tests, inter alia, whether on the fact of the records, the Court is without jurisdiction ...” David Bartha, First American Mechanical, Inc. v. Mohegan Tribal Gaming Authority, 1 G.D.A.P. 34, 6 Am. Tribal Law 480 (2005) Brookridge District Assn. v. Planning & Zoning Commission, 259 Conn. 607, 610-611, 793 A.2d 215 (2002).
The issue before the Court is whether a filing of a Motion to Correct creates a new appeal period.
The Mohegan Tribal Code contains no provisions relating to Motions to Correct or the tolling of an appeal period. The Claimant/Appellant argues that since there is no tolling provision in the Mohegan Workers Compensation Law, the appeal was not timely filed. The Court disagrees.
Mohegan Tribal Workers Compensation Section 4~206(b) states that “if no appeal from his decision (findings of fact and conclusions of law) is taken by either party within twenty days thereafter, such award shall be final and shall be enforced in the same manner as a judgment of the Mohegan Courts.”
Section 4-207(b) of said Code states, “at any time within twenty (20) days after mailing or if there is no mailing within twenty (20) days of delivery of a notice of award or a decision of the Commissioner, either party may appeal therefrom to the Mohegan Court. Such action in the Court shall be governed by the Mohegan Tribal Laws.”
In the case at bar, the Respondent filed a Motion to Correct within said twenty days and the appeal was filed within twenty (20) days of the Court’s decision denying said Motion to Correct.
Section 4-179 of the Mohegan Tribal Code states “the common law of the State of Connecticut interpreting provisions of State workers’ compensation law that are identical in substance to the provisions contained in this Article is hereby adopted as and declared to be the common law under this Article for application by The Mohegan Tribal Workers Compensation Commission and The Mohegan Court, where it does not conflict with Mohegan Law.”
The Court concludes that the language contained in the Mohegan Tribal Code relating to the appeal period is similar in nature to the language contained in Connecticut General Statute 31-301. Said statute states, “at any time within twenty *400 days after entry of an award by the Commissioner, after a decision of the Commissioner upon a motion, or after an order by the Commissioner according to the provisions of Section 31—299(b), either party may appeal therefrom to the Compensation Review Board.”
The language in 4-207 and Connecticut General Statute 31-301 are identical in describing the time period in which to appeal and the method in which to file.
Connecticut General Statute 31—301(a) further states, “If a party files a motion subsequent to the finding and award, and or decision, the twenty day period for filing an appeal of such an award or an order by the Commissioner shall commence on the date of the decision on such motion.”
Applying Connecticut General Statute 31—301(a) to the case at bar, the twenty day appeal period would commence on May 15, 2012, the date the Commissioner dismissed the Motion to Correct.
The Court in Grady v. Mohegan Tribal Gaming Authority, 4 G.D.R. 75, 10 Am. Tribal Law 181 (2010) stated that definitions involving disability benefits were virtually identical to all of the Connecticut Statutes and therefore, the common law of Connecticut applied in the interpretation of the Compensation Code.
Connecticut case law supports the finding that filing a Motion to Correct tolls the statute.
If a motion to open a judgment is filed during the appeal period, the time for filing the appeal then commences from the issuance of notice of the decision on the motion. Wells Fargo Bank of Minnesota v. Herbert C. Morgan 98 Conn.App. 72, 909 A.2d 526 (2006).
In Wells Fargo of Minnesota, the Defendant in a foreclosure matter filed a Motion to Reopen and set aside the Court’s order. Said motion was filed within the applicable appeal period. The Court held that since the Defendant's motion was filed properly within the appeal period, it triggered the automatic stay provision, thereby staying the enforcement of the Court’s order.
The Court further concludes that the common law of the State of Connecticut is not in conflict with Mohegan law.
The applicability of Connecticut common law to the issue of a tolling statute is further bolstered by a review of the Mohegan Tribal Code, the Rules of Civil Procedure (MRCP), and The Mohegan Rules of Appellate Procedure.
Section 3-52 of the Code states, “(a) The substantive law of The Mohegan Tribe for application by the Gaming Disputes Court shall be:
(1) The law as set forth in any Mohegan Tribal ordinance or regulations;
(2) The General Statutes of Connecticut as may be amended from time to time, are hereby adopted as and declared to be the positive law of The Mohegan Tribe for application by the Gaming Disputes Court except as such statutes are in conflict with Mohegan Tribal law;
(3) The common law of the State of Connecticut interpreting the positive law adopted in subsection (2) above, which body of law is hereby adopted as and declared to be the common law of The Mohegan Tribe for application by the Gaming Disputes Court, except as such common law is in conflict with Mohegan Tribal Law.”
It is clear that Connecticut General Statutes contains a tolling provision that when applied to the instant case would create a new appeal period.
*401 Section 1 of the Mohegan Court System Mohegan Rules of Civil Procedure states:
“These rules govern the practice and procedure in the Trial Court of the Mohegan Court System in all actions except where specific procedures are otherwise provided by Mohegan Tribal Law. The Gaming Disputes Court may employ the Connecticut Superior Court Civil Rules for any practice, issue or matters not covered by these rules or by Tribal Law, provided that such Superior Court Civil Rules so utilized do not contravene any principle of Mohegan Tribal Law or sovereignty of The Mohegan Tribe.
Connecticut Practice Book Section 63-1 states:
“If a motion is filed within the appeal period that, if granted, would render the judgment, decision, or acceptance of the verdict ineffective, either a new twenty day period or appellate statutory time period for filing the appeal shall begin on the day that notice of the ruling is given on the last such outstanding motion.”
Section 63.1 does not enlarge or modify the statutory appeal period, but, rather gives guidance in determining when the appeal period shall commence, and in the case of any motion, which, if granted, would allow the Court to render a new judgment, when the new appeal period shall commence. Young v. Young, 249 Conn. 482, 495 [733 A.2d 835] (1999).
The Court in Young further stated “Practice Book 63-1 (b) prevents the waste of resources and promotes judicial economy by providing that a new appeal period commences upon a Court’s decision regarding a motion that could render a judgment ineffective.” Id. at 494 [733 A.2d 835].
In the instant case, the Motion to Correct requested the Court to strike three paragraphs of its decision. The final request asked the Court to find the decedent’s alcohol use was a substantial and/or significant cause of the accident. The second request was to have the Court determine that the Respondent met its burden that Rocco Santoro’s death was caused by the willful and serious misconduct of the claimant himself. The third request asked the Court to strike the award, judgment, order and decree by dismissing the claim.
If the Commissioner had granted the Motion to Correct it would have rendered the decision ineffective. It would contradict the principles of judicial economy to require the parties to expend resources on an appeal that may become moot upon the Commissioner’s decision on a Motion to Correct. Applying Connecticut Practice Book Section 63-1 to the facts in the case at bar, the filing of the Motion to Correct would commence a new appeal period.
In conclusion, Section 4-179 of the Mohegan Tribal Code states that the common law of the State of Connecticut is to be applied by this Court where it is not in conflict with Mohegan Law in connection with any interpretation of the Compensation Code which are identical in substance to Connecticut law. Applying Connecticut common law, Connecticut General Statutes and the Connecticut Practice Book to the facts of the instant ease, the filing of the Motion to Correct tolls the appeal period.
Plaintiffs Motion to Dismiss is denied.